# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 69 C 2145 | **DATE** | 3/30/2004 |
| **CASE TITLE** | Michael L. Shakman et al vs. Democratic Organization of Cook County | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter MEMORANDUM, OPINION AND ORDER: We deny the motion of the City of Chicago and Mayor Richard M. Daley to vacate the 1983 Consent Judgment [157-1]. This matter is set for status on 4/22/2004 @ 8:45 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | MAR 30 2004 date docketed | |
| | Notified counsel by telephone. | | |
| ✓ | Docketing to mail notices. | | 235 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| TSA | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

MICHAEL L. SHAKMAN and )
PAUL M. LURIE, )
                                    )
               Plaintiffs, )
                                    )    Case No. 69 C 2145
v. )
                                    )    Wayne R. Andersen
DEMOCRATIC ORGANIZATION OF )    District Judge
COOK COUNTY, et al., )
                                    )
               Defendants. )

## MEMORANDUM OPINION AND ORDER

The City of Chicago and its Mayor, Richard M. Daley, (collectively, the "City") have filed a motion asking this Court to vacate the June 20, 1983 Consent Judgment agreed to by the parties and approved by the Court on that date. The City's motion is made pursuant to Fed.R.Civ.P. 60(b)(4) and 60(b)(5). This motion was made in response to the Court's ruling on September 27, 2001 that the City had violated the Consent Judgment with respect to hiring temporary employees and in response to the plaintiffs' request that the City be held in contempt for violating the Consent Judgment.

In its motion the City contends that this Court actually lacked jurisdiction to approve and enforce the Consent Judgment. The City cites the case of *Shakman v. Dunne*, 829 F.2d 1387 (7th Cir. 1987) in which the Seventh Circuit held that the plaintiffs lacked standing to challenge the hiring practices of the appellants. The plaintiffs respond with three arguments, each of which, if accepted by the Court, would require denial of the City's motion. They argue that: 1) the motion to vacate has been filed too late and that the passage of 15 years after the Seventh Circuit's ruling deprives this Court of the authority to vacate its 1983 Consent Judgment; 2) the City's agreement to adopt the

Consent Judgment prevents it from later attacking the validity of the Consent Judgment; and 3) the Seventh Circuit's ruling and reasoning in 1987 do not undermine the validity of the 1983 Consent Judgment. For the reasons set forth below, we believe that the plaintiffs are correct in all three of their arguments.

## BACKGROUND

A brief history of the litigation is in order. The plaintiffs in this action are Michael Shakman and Paul Lurie. Shakman was an unsuccessful candidate in the November 1969 election for delegates to the 1970 Illinois Constitutional Convention. Lurie was a resident of the same voting district and supported Shakman's candidacy. The plaintiffs claimed that the patronage practices by elected officials and political parties in Cook County infringed on: 1) Shakman's rights as a candidate to associate with actual and potential supporters of his candidacy; 2) the rights of both plaintiffs as voters to participate in the electoral process free from substantial interference; 3) the rights of both plaintiffs as taxpayers to be free from coerced political contributions to the Democratic Party; and 4) the rights of patronage employees to speak, vote and associate with independent candidates and other independent voters.

The original complaint was dismissed in 1969 by Judge Marovitz who held that the plaintiffs lacked "standing." *Shakman v. Democratic Organization of Cook County*, 310 F. Supp. 1398 (N.D. Ill. 1969). In simple terms, Judge Marovitz concluded that the relationship between the plaintiffs and the challenged patronage practices was so tenuous that the Court had no jurisdiction to consider their complaint. The plaintiffs appealed the dismissal, and the Seventh Circuit, in a two to one opinion, reversed. *Shakman v. Democratic Organization of Cook County*, 435 F.2d 267 (7th Cir. 1970) ("Shakman I"). The Seventh Circuit held that the plaintiffs had alleged sufficient injury to them to justify invoking the Court's jurisdiction and that, therefore, the plaintiffs did have standing

to sue. The defendants' petition for certiori to the United States Supreme Court was denied, 402 U.S. 909 (1971), so the case returned to the District Court.

In 1972, some of the defendants agreed to a 1972 Consent Judgment which, among other things, prohibited "conditioning, basing or knowingly prejudicing or affecting any term or aspect of governmental employment, with respect to one who is at the time already a governmental employee, upon or because of any political reason or factor" and also prohibited partisan political work during regular working hours of governmental employment. The District Court specifically retained jurisdiction to determine whether some public employees were exempt because they performed policy making or confidential roles and whether politically-based hiring decisions injured plaintiffs' legal rights.

After prolonged proceedings, Judge Bua issued a detailed, sweeping opinion in which he enumerated the evils of the patronage system to the plaintiffs, to government employees and to the general public and systematically rejected all of the defenses to the suit asserted by the City. *Shakman v. Democratic Organization of Cook County*, 481 F. Supp. 1315 (N.D. Ill. 1979). Judge Bua specifically found that the plaintiffs did have standing and concluded that political hiring is unconstitutional.

The City first filed a Notice of Appeal of Judge Bua's decision, but on June 7, 1983 agreed that its appeal should be dismissed with prejudice. Instead of prosecuting its appeal, the City elected to enter into the 1983 Consent Judgment, the same Consent Judgment that the City now asks this Court to vacate. The 1983 Consent Judgment specifically empowers the Court to enforce the decisions reached by Judge Bua in his 1979 opinion, including his assertion of jurisdiction over hiring practices and the enforcement of the provisions of the 1972 Consent Decree. The City thus became bound to the terms of both the 1972 and 1983 Consent Judgments, and this Court's

3

jurisdiction to enforce those judgments was agreed to by the City. It was based on this authority that this Court in 2001 held that the City had violated the 1983 Consent Judgment and invited plaintiffs to suggest sanctions for that violation.

Not all of the defendants, however, chose to agree to Consent Judgments, so a portion of Judge Bua's 1979 decision did reach the Seventh Circuit for decision. In *Shakman v. Dunne*, 829 F.2d 1387 (7th Cir. 1987) ("Shakman II"), the Seventh Circuit reversed Judge Bua's ruling as to the right of the appealing defendants to make hiring decisions based on political considerations. It is this ruling that the City now cites as the basis for vacating the 1983 Consent Judgment and presumably setting aside this Court's recent ruling that the City's hiring of temporary employees violated the 1983 Consent Judgment.

## DISCUSSION

With this background in mind, we turn to the three reasons why plaintiffs resist the City's motion.

1. Is the motion to vacate timely? We think that it is not. The City certainly knew about Shakman II as soon as the opinion was issued. The City was then operating under the constraints of the 1983 Consent Judgment, so its attorneys surely immediately analyzed the impact of Shakman II. The City failed to file this motion with the Court at that time in 1987 and, indeed, failed to raise any of the issues presented in its motion to vacate in the recent briefing on the issue of whether it was complying with the Consent Judgment with respect to the hiring of temporary workers.

Federal Rule of Civil Procedure 60(b) requires that motions to vacate final judgments be made "within a reasonable time." Although the Rule itself sets no specific time limit, the Seventh Circuit in *United States v. Deutsch*, 981 F.2d 299, 302 (7th Cir. 1992) and *Kagan v. Caterpillar Tractor Co.*, 795 F.2d 601, 710 (7th Cir. 1986), established guidelines which must be met in order

4

for Rule 60(b) motions to be timely. A review of these cases reveals that the City has met none of the time-related guidelines established by the Seventh Circuit.

2. Does the City's agreement to the 1983 Consent Judgment prevent the City from attacking the Judgment? Under the circumstances of this case, the answer to that question is an affirmative. The City's 1983 request that this Court enter the Consent Judgment, coupled with the dismissal of its appeal, prevents the City from subsequently attacking the judgment. The Supreme Court in *Ackermann v. United States*, 340 U.S. 198 (1950) and the Seventh Circuit in *Local 322, Allied Indus. Workers v. Johnson Controls, Inc.*, 969 F.2d 290 (7th Cir. 1992), held that a party is not entitled to relief under Rule 60(b) after making a deliberate decision not to appeal a ruling of a lower court.

3. Did this Court have the jurisdiction to enter the 1983 Consent Judgment? We conclude that this Court did have that authority.

The City argues that the decision in Shakman II completely undermined this Court's authority to approve the 1983 Consent Judgment. In Shakman II, the appellants argued to the Seventh Circuit that their patronage hiring practices did not threaten the constitutionally protected rights of the plaintiffs and that the plaintiffs, therefore, lacked "standing" to challenge those practices before this Court in this lawsuit. If there were no connection between the plaintiffs' rights and the practices of the City, then there would be no "case and controversy" between the parties. Because Article III of the United States Constitution empowers federal courts to resolve only matters involving a "case and controversy," then this Court would not have the authority to grant the relief contained in the 1983 Consent Judgment. A person who does not have an actual case and controversy with another does not have the "standing" to sue that other person in federal court. The Seventh Circuit agreed, stating:

In this case, we find the line of causation between the appellants' activity and the appellees' asserted injury to be particularly attenuated....We do not believe, therefore, that the plaintiffs can assert, with the certainty required by the case-and-controversy requirement, that the injury they assert, is 'fairly traceable' to the actions of the defendants that form the basis of their complaint.

829 F.2d at 1397.

The Seventh Circuit went on to conclude that:

Because we have determined that the plaintiffs do not have standing to assert the claim they bring to this court...the judgment of the district court is vacated and the case is remanded to the district court. Those aspects of the complaint which challenge the patronage hiring practice of the defendants are dismissed.

829 F.2d at 1399.

This language from the Shakman II opinion indeed supports the City's contention that this Court should now vacate the 1983 Consent Judgment. We decline for several reasons in addition to the fact that the City originally agreed to the Consent Judgment and has filed its motion more than a decade late.

Unlike the subject matter on appeal in Shakman II, the 1983 Consent Judgment covers far more than hiring practices. The 1983 Consent Judgment explicitly included the obligations under the 1972 Consent Judgment which prohibited political firing and also prohibited "conditioning, basing or knowingly prejudicing or affecting any term or aspect of governmental employment, with respect to one who is at the time already a governmental employee, upon or because of any political reason or factor." To these proscriptions, the 1983 Consent Judgment added the restrictions on hiring as well as a variety of other provisions. The net effect was the creation of a comprehensive plan designed to minimize partisan political influence on employment decisions with respect to employees covered by the two Consent Judgments. There is simply no doubt that there is a relationship between the threatened rights of the plaintiffs and the overall employment practices of

the City. The Seventh Circuit recognized this when it referred to Shakman I as addressing the "combination of hiring and firing practices." 829 F.2d at 1393. It recognized, as we do today, that the use of partisan political practices to hire, promote, assign and discharge workers, when taken in combination, potentially create a cause-and-effect relationship sufficient to invest standing in the plaintiffs.

The comprehensive nature of the 1983 Consent Judgment, particularly as it incorporates the terms of the 1972 Consent Judgment, clearly distinguishes the City's legal position from that of the appellants in Shakman II. Indeed, the Court respects that this fact may be an explanation for the City's failure to challenge the validity of the Consent Judgment for all of these years. The City's attorneys have understood this distinction and have probably advised against attempting to vacate the Consent Judgment. That may well be what the Seventh Circuit had in mind when it concluded in Shakman II that "...nothing in our holding today can be construed as affecting the continued validity of the Shakman decree." 829 F.2d at 1399. Had that Court meant to undermine the validity of the Consent Judgment of which it was well aware, it would have almost certainly have suggested that the parties review the Consent Judgment in the light of Shakman II. Instead, the Seventh Circuit went out of its way to do just the opposite.

This Court is conscious of the frustration that the City must feel because of the long-standing restraint of the ongoing Consent Judgment. If objective standards of performance can be established, perhaps a tentative expiration date can be set. In the meantime, the Consent Judgment certainly can be modified to reduce bureaucratic and legal expense required to comply with it. Prior to any hearing in open court to consider modifications to the Consent Judgment, the parties might wish to exchange and discuss proposals to improve the Consent Judgment.

The parties must, however, remain mindful of the reasons that Judge Bua ruled as he did over twenty years ago. A restoration of the patronage system would quickly reduce freedom of political expression for competitors of elected officials and for government employees. Working conditions could swiftly deteriorate, injuring both government employees and their families. The quality of City services could revert to pre-Shakman standards, undermining the hard earned validity of the moniker that "Chicago is the City that works."

An axiom of politics has long been that "it is not your enemies that get you in trouble, it's your friends." Although it is not an explicit objective of the plaintiffs, the Consent Judgment has provided elected City officials with a much needed liberation from the influence of their friends and from, perhaps, their own natural, and normally laudatory, inclination to help them. It is for friends, not enemies or strangers, that elected officials are tempted to cross legal and ethical lines. The Shakman decree empowers this Court to maintain a shield between honest elected officials and their friends. In doing so, all are protected.

## CONCLUSION

For the foregoing reasons, we deny the motion of the City of Chicago and Mayor Richard M. Daley to vacate the 1983 Consent Judgment (# 157-1). This matter is set for status on April 22, 2004 at 8:45a.m. It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: March 30, 2004