

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| MICHAEL L. SHAKMAN, PAUL M. LURIE, KENNETH AYERS, ANN M. KING, INDEPENDENT VOTERS OF ILLINOIS-INDEPENDENT PRECINCT ORGANIZATION, MICHAEL SULLIVAN, DARRYN JONES, STUART MAJERCZYK, RICHARD GRAMAROSSA and CONNIE GRAMAROSSA, et al. ) ) ) ) ) ) ) ) ) ) | ) No. 69 C 2145 |
| Plaintiffs, ) | ) Wayne R. Andersen ) District Judge |
| v. ) | ) |
| DEMOCRATIC ORGANIZATION OF COOK COUNTY, THE CITY OF CHICAGO, RICHARD M. DALEY, INDIVIDUALLY AND AS MAYOR OF THE CITY OF CHICAGO, REPUBLICAN STATE CENTRAL COMMITTEE OF ILLINOIS, REPUBLICAN COUNTY CENTRAL COMMITTEE OF COOK COUNTY, et al., ) ) ) ) ) ) ) ) ) ) ) | ) Sidney I. Schenkier ) Magistrate Judge |
| Defendants. ) | |

## PRELIMINARY APPROVAL ORDER

This case comes to be heard on filing of an Agreed Motion of Plaintiffs and the City of Chicago ("City") for approval of a proposed AGREED SETTLEMENT ORDER AND ACCORD ("Accord"). The Court orders as follows:

The proposed Accord is preliminarily approved, subject to the holding of a hearing on final approval of the settlement as provided by this Order.

Subject to the terms of the Accord and for the purposes of the settlement of this case only, this Court hereby certifies the following additional classes pursuant to Fed.R.Civ.P. 23:

a. all past employees and applicants for employment with the City of Chicago to the date of the entry of this Accord; and

b. all current and future employees or applicants for employment with the City of Chicago from the date of final approval of the Accord through the date the Accord is terminated by Order of this Court.

The Court finds that for the purpose of settlement, the requirements of Fed.R.Civ.P. 23(a) have been met. The classes are sufficiently numerous as to make joinder of all members of the classes impracticable. There are questions of law common to all the members of the classes. The plaintiffs' claims are typical of the claims of the class. The plaintiffs will fairly and adequately protect the interests of the class.

The Court finds that for purposes of settlement, the requirements of Fed.R.Civ.P. 23(b)(1), (2), and (3) have been met. The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for the City. The allegations in the Second Amended Complaint assert that the City has acted in a manner generally applicable to the class, thereby making appropriate final injunctive relief. Questions of law common to the class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

The Court appoints the law firms of Lord, Bissell & Brook LLP, and Miller, Shakman & Beem LLP as class counsel, finding that they are experienced counsel and well-qualified to prosecute the litigation on behalf of the classes.

A hearing shall be held at 8:30 a.m. on May 31, 2007, before this Court, for the purpose of determining whether the Court should enter an order of final approval of the proposed Accord, all as set forth in the attached form of Notice of Hearing. The Notice is approved.

On or before April 20, 2007, notice in the form attached hereto as Exhibit 1 shall be published as a display ad on one day in the Chicago Tribune and in the Chicago Sun-Times, which newspapers have circulations through the Northern District of Illinois in excess of 750,000. For the purpose of this Publication, the Notice shall not include as an exhibit the text of the proposed Accord but the text shall be available on the City's website at www.cityofchicago.org and the Shakman Decree Monitor's website at www.shakmanmonitor.com. Notice of the Accord shall also be delivered to each employee of the City in the form attached hereto as Exhibit 1 by enclosing such Notice with each employee's paycheck on a date no later than May 4, 2007. Appropriate affidavits showing that the Notice has been given as provided shall be filed with the Court no later than the final approval hearing.

The Court finds that the Hearing Notice as prescribed by paragraph 7 constitutes the best notice practicable under the circumstances and constitutes due and sufficient notice of the Settlement Hearing and proposed Accord to all persons affected by and/or entitled to participate in the Settlement.

The Court finds that extensive and substantial newspaper, television and radio publicity has been given to this case and the Agreed Settlement Order and Accord.

Any Class Member who wants to be excluded from the class must give written notice of his or her intent to opt-out by mail to the Shakman Decree Monitor, Noelle Brennan, Brennan & Monte, Ltd., 20 South Clark Street, Suite 1530, Chicago, IL 60603. An Opt-Out Request Form (Form 1) can be obtained from the City's website at www.cityofchicago.org and the Monitor's website at www.shakmanmonitor.com or from Ms. Brennan, Tracey Ladner, City of Chicago Law Department, 30 North LaSalle Street, Suite 1020, Chicago, IL 60602 and Roger Fross, Lord, Bissell & Brook LLP, 111 South Wacker Drive, Suite 4100, Chicago, Illinois 60606. The

3

Opt-Out Request shall state: (a) the name and docket number of this case; (b) the Class Member's legal name, address, and telephone number and (c) that the Class Member wishes to be excluded from membership in the Classes. An Opt-Out Request Form (Form 1) must be received by September 28, 2007.

Class Members (i) who elect to opt-out of the Accord or (ii) who believe that they were victims of discrimination on the basis of political considerations prior to January 1, 2000, and who wish to pursue any claims against the City must file an enforcement action or bring a separate lawsuit.

Any Class Member may file a written objection to the Accord with the Court. The objection must state its substance, the nature of the objector's interest in the case and the name and address of the objector. Written objections must be filed with the Court prior to 3:00 p.m. on May 15, 2007, showing copies of the objection were mailed to Mr. Fross and Ms. Ladner at the addresses above.

If a Class Member wants to speak at the hearing, she or he must ask the Court for permission by filing a request with the Court requesting permission to speak at the settlement approval hearing in the case of **Shakman v. Democratic Organization of Cook County, 69 C 2145**. The request must show that copies of the request were mailed to Mr. Fross, and Ms. Ladner at the addresses listed above, The Class Member should state her or his position and the basis for that position in the request. The request for permission to speak must be filed with the Court prior to 3:00 p.m. on May 25, 2007. The Court may, or may not, grant the request.

Any Class Member who believes that she or he was subjected to unlawful political discrimination in connection with hiring or any aspect of governmental employment with the City between January 1, 2000 and the date of entry of the Accord who wishes to share in the

4

settlement payment fund described in the Accord must mail a completed Accord Claim Form (Form 2) and Release of Claims Against the City of Chicago Form (Form 3) to the Shakman Decree Monitor, Noelle Brennan, Brennan & Monte, Ltd., 20 S. Clark, Suite 1530, Chicago, IL 60603. Accord Claim Forms and Release of Claims Against the City of Chicago Form will be made available in Room 108 of City Hall, 121 North LaSalle Street, Chicago, Illinois, the City of Chicago website www.cityofchicago.org, from the Shakman Decree Monitor, and on the Monitor's website at www.shakmanmonitor.com. Accord Claim Forms and Release of Claims Against the City of Chicago Form must be received no later than September 28, 2007 [120 days after entry of final approval order].

It is so ordered.

Wayne R. Andersen
United States District Court

Dated: March 21, 2007

EXHIBIT 1

# NOTICE OF HEARING ON APPROVAL OF
# AGREED SETTLEMENT ORDER AND ACCORD

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL L. SHAKMAN, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 69 C 2145 |
| ) | |
| DEMOCRATIC ORGANIZATION OF ) | |
| COOK COUNTY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**TO: PAST, PRESENT AND FUTURE PERMANENT AND TEMPORARY EMPLOYEES OF THE CITY OF CHICAGO, PAST, PRESENT AND FUTURE APPLICANTS FOR EMPLOYMENT WITH THE CITY OF CHICAGO AND CANDIDATES AND VOTERS OF COOK COUNTY, ILLINOIS,**

THIS NOTICE IS TO INFORM YOU THAT THE PARTIES HAVE PROPOSED A SETTLEMENT OF A CLASS ACTION LAWSUIT INVOLVING ALLEGATIONS OF POLITICAL DISCRIMINATION IN CONNECTION WITH HIRING AND OTHER ASPECTS OF EMPLOYMENT WITH THE CITY OF CHICAGO. IF THE COURT GIVES FINAL APPROVAL TO THE SETTLEMENT, CERTAIN MEMBERS OF THE CLASSES WILL BE ELIGIBLE TO RECEIVE CERTAIN BENEFITS.

PLEASE READ THIS NOTICE CAREFULLY AND COMPLETELY. IF YOU ARE A MEMBER OF ANY OF THESE CLASSES, THE NOTICE CONTAINS IMPORTANT INFORMATION ABOUT YOUR RIGHTS.

**YOU ARE NOTIFIED:**

- The Court in charge of this case has certified plaintiff classes consisting of (1) all past employees and applicants for employment with the City of Chicago, (2) all current and future employees and applicants for employment with the City of Chicago during the life of the Accord, (3) all registered voters, and (4) all candidates for public office to whom this Notice is directed (the "Settlement Classes"). You may be a Member of one of the Settlement Classes.

- The Court has given **preliminary** approval to a proposed AGREED SETTLEMENT ORDER AND ACCORD ("Accord") under which **people who applied for jobs with the City of Chicago or who were employed by the City of Chicago after January 1, 2000 may be eligible to receive cash payments**.

1

- The Court will hold a settlement approval hearing on May 31, 2007, at 8:30 a.m. to decide whether to give final approval to the proposed Accord.

- **If you are a Class Member, your legal rights will be affected if the Court gives final approval to the Accord.**

This Notice explains the lawsuit, the proposed Accord, the benefits available pursuant to the Accord, and who is eligible for those benefits. This Notice explains how you can participate in, object to, or exclude yourself from, the remedy provided by the proposed Accord. Full details of the proposed Accord are contained in the Accord. You may obtain a copy of the Accord and other related forms from the City of Chicago website at www.cityofchicago.org/personnel and from the Shakman Decree Monitor website at www.shakmanmonitor.com. You can also obtain copies from Tracey Ladner, City of Chicago, Department of Law, 30 North LaSalle Street, Suite 1020, Chicago, IL 60602, Roger Fross, counsel for the plaintiff classes, Lord, Bissell & Brook LLP, 111 South Wacker Drive, Suite 4100, Chicago, Illinois 60606, and from Noelle Brennan, Shakman Decree Monitor, Brennan & Monte, Ltd., 20 South Clark Street, Suite 1530, Chicago, IL 60603.

## The Lawsuit

On October 28, 1969, Michael L. Shakman and Paul M. Lurie filed suit on behalf of themselves and all candidates for public office and registered voters asking the Court to prohibit the City of Chicago and its Mayor, among other defendants, from conditioning, basing or affecting any term or aspect of governmental employment upon or because of any political reason or factor in a case captioned Shakman v. Democratic Organization of Cook County, No. 69 C 2145. On May 5, 1972 and June 20, 1983, the United States District Court for the Northern District of Illinois entered Consent Judgments with respect to, among others, the City of Chicago and its Mayor, prohibiting the City from conditioning, basing or affecting any term or aspect of governmental employment upon or because of any political reason or factor. Those Judgments provided that the Court retained jurisdiction with respect to, among other matters, issues of political hiring and identified the positions which should be exempt from its injunctive provisions.

On January 11, 2006, a Second Amended Complaint against the City of Chicago and its Mayor was filed adding Kenneth Ayers, Michael Sullivan, Richard Gramarossa, Connie Gramarossa, Darryn Jones, Ann M. King, Stuart Majerczyk, and the Independent Voters of Illinois – Independent Precinct Organization as additional named plaintiffs on behalf of themselves and all past, present, and future employees and applicants for employment with the City of Chicago. The Second Amended Complaint alleged violations of the constitutional rights of independent candidates, independent voters, City job applicants and City employees as well as violations of the 1972 and 1983 Consent Judgments. The Second Amended Complaint seeks injunctive relief and monetary damages on behalf of classes of job applicants and employees.

2

Case: 1:69-cv-02145 Document #: 599 Filed: 03/21/07 Page 8 of 10 PageID #:3441

EXHIBIT 1

### The Settlement Accord

The parties have filed with the Court an Accord. The Accord would:

- replace and supersede the June 20, 1983 Consent Judgment,

- add various reporting, monitoring and enforcement provisions,

- provide for injunctive relief,

- provide for a new hiring plan for the City,

- provide for the exemption of designated City positions from the provisions of the Accord,

- provide for the termination of the 1983 Consent Judgment and the Accord on or after January 31, 2009 if the City is in substantial compliance with the Accord and hiring plan,

- **provide a settlement fund of $12,000,000 (the "Settlement Fund") to settle claims of unlawful political discrimination in any aspect of employment with the City of Chicago between January 1, 2000 and the date of final approval of the Accord,**

- provide an incentive award to be paid from the Settlement Fund of $25,000 to each of the six named plaintiffs acting as class representatives of the employee and applicant classes for their efforts as named plaintiffs on behalf of all class members and for risking possible employment harm and discrimination from fellow employees and others.

The Accord also provides a procedure for reporting and arbitrating claims of future political discrimination against applicants for City employment and City employees. The Accord also preserves the rights of candidates for public office and voters to enforce the terms of the Accord as provided in Section I.D(4) of the Accord.

### Submitting a Claim

Any Class Member who believes that she or he was subjected to unlawful political discrimination in connection with hiring or for any aspect of government employment with the City, including but not limited to promotion, job assignments, termination, other disciplinary action and overtime, between January 1, 2000 and May 31, 2007 who would like to be considered for a damage award from the Settlement Fund provided by the Accord must mail a completed Accord Claim Form so that it is received by September 28, 2007, to the Shakman Decree Monitor, Noelle Brennan, Brennan & Monte, Ltd., 20 S. Clark, Suite 1530, Chicago, IL 60603. Claim Forms are available on the City of Chicago website, www.cityofchicago.org/personnel, and the Shakman Decree Monitor's website, www.shakmanmonitor.com. Claim Forms can also be obtained in Room 108 of City Hall, 121

North LaSalle Street, Chicago, Illinois and from the Shakman Decree Monitor, Brennan & Monte, Ltd., 20 S. Clark, Suite 1530, Chicago, IL 60603. Completed Claim Forms must be received by the Shakman Decree Monitor no later than September 28, 2007. Class Counsel recommends that Class Members send their completed Claim Form to the Shakman Decree Monitor via certified mail, return receipt requested.

### Exclusion from the Classes

The Court will exclude from the classes any Class Member who requests exclusion. **A Class Member who wants to be excluded from the classes must give written notice of her or his intent to opt-out of the classes no later than September 28, 2007**. The Opt-Out Request must be mailed to the Shakman Decree Monitor, Noelle Brennan, Brennan & Monte, Ltd., 20 S. Clark, Suite 1530, Chicago, IL 60603. The Opt-Out Request must be received by the Shakman Decree Monitor by **September 28, 2007**. An Opt-Out Request Form can be obtained from the City's website at www.cityofchicago.org/personnel and the Monitor's website at www.shakmanmonitor.com or from Ms. Brennan, Ms. Ladner, and Mr. Fross. The Opt-Out Request must state: (a) the name and docket number of this case; (b) the Class Member's legal name, address, and telephone number and (c) that the Class Member wishes to be excluded from membership in the Classes.

The Accord does not provide for any cash payment to anyone who alleges that she or he was subjected to unlawful political discrimination occurring prior to January 1, 2000. **Any Class Member who believes that she or he was subjected to unlawful political discrimination in connection with hiring for or any aspect of government employment with the City prior to January 1, 2000 and who would like to assert a claim against the City must provide an Opt-Out Request to the Shakman Decree Monitor no later than September 28, 2007 to preserve any claims or rights she or he may have against the City.** Class Members who elect to opt-out of the Accord and who wish to pursue any claim they may have against the City must opt-out of the Accord and file their own enforcement action or a separate lawsuit. Claims based on alleged political discrimination in employment may be subject to statutes of limitations. *See Smith v. City of Chicago*, 769 F.2d 408 (7th Cir. 1985). A Class Member who elects to pursue a remedy outside of the Accord should act quickly to protect whatever rights she or he may have.

### Objecting to the Accord

Any member of the plaintiff classes of past, present and future applicants for employment with the City, past, present and future employees of the City, registered voters, and candidates for public office may file a written objection to the Accord with the Court. The objection must state its substance, the nature of the objector's interest in the case and the name and address of the objector. Written objections must be filed with the Court prior to 3:00 p.m. on May 15, 2007, showing copies of the objection were mailed to Mr. Fross and Ms. Ladner at the addresses above.

4

### Settlement Approval Hearing

A hearing will be held in Room 1403 of the United States Courthouse, 219 South Dearborn Street, Chicago Illinois, at 8:30 a.m. on May 31, 2007, for determining whether the Court should give its final approval to the Accord.

Class Members are welcome to attend the hearing, at their own expense, and they may request permission to speak to the Court. Class Members may also hire their own lawyers at their own expense to speak on their behalf. If Class Members have sent a written objection, they do not need to come to Court. If the Class Member's objection was postmarked on time, the Court will consider it.

If a Class Member wants to speak at the hearing, she or he must ask the Court for permission. To do so, file a request with the Court, and mail copies to Mr. Fross and Ms. Ladner at the addresses listed above, requesting permission to speak at the settlement approval hearing in the case of **Shakman v. Democratic Organization of Cook County, 69 C 2145**. The request should state the Class Member's position and the basis for that position. The request for permission to speak must be filed with the Court prior to 3:00 p.m. on May 25, 2007. The Court may, or may not, grant the request.

The parties have not agreed to or discussed the amount of attorneys' fees awardable to Plaintiffs' Class Counsel or costs prior to entry of the Accord. They parties will attempt to reach agreement as to such amount within 45 days of final approval of the Accord for presentation to the Court for its review and approval. If the parties are unable to reach agreement, Plaintiffs' Class Counsel will petition the Court for an award of fees. Class members may file objections to any fee petition or award.

Final approval of the Accord will be binding on all Class Members who do not serve a timely written notice of their intent to opt-out of the settlement.

**DO NOT CALL OR WRITE THE COURT TO OBTAIN COPIES OF DOCUMENTS OR TO ASK QUESTIONS ABOUT THE SETTLEMENT.**

Dated: Chicago, Illinois

_____, 2007

_____
Hon. Wayne R. Andersen
United States District Judge

5