# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL L. SHAKMAN and PAUL M. LURIE, et al., | ) ) ) |
| Plaintiffs, | ) ) ) No. 69 C 2145 |
| v. | ) ) Wayne R. Andersen |
| THE CITY OF CHICAGO, et al., | ) District Judge ) |
| Defendants. | ) |

## MEMORANDUM, OPINION AND ORDER

This case is before the Court on the motion of Patrick Burke to intervene in this matter pursuant to Fed.R.Civ.P. 24. For the following reasons, the motion to intervene is denied.

## BACKGROUND

In January 2006, following a thirty-seven year history of this litigation, named Plaintiffs Michael Shakman and Paul Lurie filed their Second Amended Complaint in this case. The Second Amended Complaint includes express class action allegations covering City of Chicago employees, applicants and candidates. Comprehensive and complex settlement negotiations began in earnest in the *Shakman* case in January 2006.

Three months later, on April 25, 2006, Patrick Burke filed a Complaint in this Court in the action of *Burke, et al v. City of Chicago* 06 C 2295. Burke brought his action individually and on behalf of a class of persons similarly situated for alleged unfair hiring and promotional practices on the part of the City of Chicago during the period from 1997-2005. On August 10, 2006, Burke filed an Amended Complaint seeking a finding in his case that the City violated the *Shakman* Decree. On October 19, 2006, Burked moved to certify his case as a class action.

On March 22, 2007, Burke filed his motion to intervene in this case. Burke claims that he should be allowed to intervene in the *Shakman* case because Plaintiffs in that case have not filed a motion to certify the class. He believes that the *Shakman* Plaintiffs are seeking to represent the same class of persons he has already sought to certify as a class and represent. Burke seeks to intervene in this matter under the doctrine of permissive intervention pursuant to Fed.R.Civ.P. 24. The *Shakman* Plaintiffs object to the intervention on two primary grounds. First, they argue that the motion to intervene is not timely. Second, the *Shakman* Plaintiffs argue that the motion to intervene should be denied for equitable reasons.

## DISCUSSION

Under the doctrine of permissive intervention, intervention may be allowed on a timely application "when an applicant's claim or defense and the main action have a question of fact in common." Fed.R.Civ.P. 24. Permissive intervention under Rule 24 is wholly discretionary. *Sokaogon Chippewa Community v. Babbitt,* 214 F.3d 941, 949 (7th Cir. 2000).

The Seventh Circuit considers the following factors to determine whether a motion to intervene should be allowed: (1) the length of time the intervenor knew or should have known of his interest in the case; (2) the prejudice caused to the original parties by the delay; (3) the prejudice to the intervenor if the motion is denied; and (4) any other unusual circumstances. *Id*. We will address each of these considerations in turn.

The first factor considers the timeliness of the motion to intervene. The purpose of the timeliness requirement "is to prevent a tardy intervenor from derailing a lawsuit within sight of the terminal. As soon as a prospective intervenor knows or has reason to know that his interests might be adversely affected by the outcome of the litigation he must move promptly to

intervene." *Sokaogon Chippewa Community,* 214 F.3d at 949 (internal quotation marks and citation omitted).

In this case, the circumstances preclude a finding of timeliness. First, Burke knew or should have known of his interest in this case at least a year before filing his motion to intervene. The Second Amended Complaint in this action was filed in January 2006. That Complaint included express class allegations covering City employees and applicants. Three months later, on April 25, 2006, Burke filed political discrimination claims against the City. On August 10, 2006, Burke filed an amended complaint seeking, *inter alia*, a finding that the City violated the "*Shakman* Decree." Amended Compl. Para. 3. There is no question that Burke was aware of the present action, even if we ignore the first thirty-seven years of this case. Burke knew or should have known that his rights were implicated by the present action no later than April 2006, yet he did not seek to intervene in this lawsuit until March 22, 2007. For these reasons, analysis of the first factor weighs against a finding of timeliness because Burke's motion to intervene comes much too late.

The second factor examines the prejudice caused to the original parties by the delay. In this case, the original parties would be severely prejudiced if Burke is allowed to intervene. The original parties litigated this case and negotiated a settlement based on the premise that all the stakeholders were represented. Those litigation and negotiation efforts would be prejudiced by the addition of a new party who seeks to substitute himself as class representative at this late date. After months of difficult negotiations, the parties in this case have reached a settlement that this Court has preliminarily approved. Therefore, allowing intervention now would seriously risk derailing this case on the eve of final settlement approval, and the original parties

would be greatly prejudiced by allowing Burke to step in at the eleventh hour.

Third, Burke will not be prejudiced if intervention is denied. He will remain free, if he chooses, to object to the settlement agreement and to opt-out and pursue his individual lawsuit should the settlement be approved. It is unclear whether Burke has any real objection to the pending settlement. His motion is conclusory and relies solely on the incorrect factual premise that he asserted class allegations before the *Shakman* plaintiffs did. But if Burke actually does disagree with the views of the settling parties, that dissent can be dealt with in the same ways that dissent in any large class is usually accommodated. Among these are permitting active participation as *amicus* and at hearings. *See, e.g, Jenkins v. State of Missouri*, 78 F.3d 1270, 1275 (8th Cir. 1996) (group of class members were properly denied intervention; district court made other avenues available, through class counsel, the filing of *amicus* briefs, and by requesting permission to testify at hearings); *Twelve John Does v. District of Columbia*, 117 F.3d 571, 575-76 (D.C. Cir. 1997) (group of class members properly denied intervention, having set up procedure for such members to communicate regularly with class counsel); *see also Gautreaux v. Pierce*, 690 F.2d 616, 635 (7th Cir. 1982) (district court properly denied intervention to community group, particularly when it was permitted to present evidence at fairness hearing). In this case, Burke is free to submit any objection or comments he wishes to the pending settlement. Especially in light of these alternative avenues for Burke to voice his dissent, if in fact he has any substantive dissent, there is no prejudice to him from denying intervention.

The fourth and final permissive intervention factor allows the Court to consider "any other unusual circumstances." The long and tortuous history of this thirty-seven year litigation and the number of individuals affected certainly qualifies as an "unusual circumstance" which

lends against allowing late permissive intervention. *See Aleut Corp. v. Tyonek Native Corp.*, 725 F.2d 527, 530 (9th Cir. 1984). While Burke's motion is conclusory, it seems to rest on the unstated premise that, because he filed a class certification motion first, he and his counsel would better serve as class representative and counsel than the current representatives and counsel. Burke offers no basis for such a conclusion, and given the fact that the *Shakman* Plaintiffs and counsel have given thirty-seven years of service and experience in this case, we believe that the substitution Burke seeks would be inappropriate.

In sum, we conclude that Burke's intervention on the eve of settlement, after this Court has preliminarily approved the Settlement Agreement and Accord and following thirty-seven years of litigation, is not timely and that to permit it would severely prejudice the rights of the original parties. Therefore, we deny Burke's motion to intervene.

## CONCLUSION

For the foregoing reasons, we deny the motion of Patrick Burke to intervene in this case. (# 593).

It is so ordered.

                                                                                     _____
                                                                                       Wayne R. Andersen
                                                                                       United States District Court

Dated: May 18, 2007