IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS NORRIS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| | ) | Case No. 07-6776 |
| vs. | ) | |
| | ) | Judge Guzman |
| | ) | |
| CITY OF CHICAGO, | ) | Magistrate Judge Ashman |
| a municipality, | ) | |
| Defendant. | ) | |

### PLAINTIFF'S MOTION FOR REASSIGNMENT

**NOW COMES** the Plaintiff Thomas Norris (Norris), by his counsel, Martin M. Stack, pursuant to Local Rule 40.4 of the Local Rules of the United States District Court for the Northern District of Illinois ("Local Rule") and respectfully requests that this court make a finding pursuant to Local Rule 40.4 that Case Number 07 CV 6776 is related to the referenced action 69 C 2145 as defined by Local Rule 40.4(a) and that conditions for relatedness are met pursuant to Local 40.4(b). In support of this motion that plaintiff, Thomas Norris states as follows:

1.   That Local 40.4 C provides:

Two or more civil cases may be related if one or more of the following conditions are met:

(1) the cases involve the same property;

1

(2) the cases involve some of the same issues of fact or law;

(3) the cases grow out of the same transaction or occurrence; or

(4) in class action suits, one or more of the classes involved in the cases is or are the same.

2. This instant cause was brought pursuant to issued court orders ("Shakman Decrees") resulting from the case of Shakman v. Democratic Organization of Cook County, et al. 1969 C 2145 ("Shakman"). (See attached complaint) Defendant City of Chicago was and is a signatory to the Shakman Decrees issued as a result of Shakman v. Democratic Organization of Cook County, et al. 1969 C 2145. As a result of the violations of the Shakman Decrees the Shakman plaintiffs and the defendant City of Chicago ultimately filed an agreed order known as the Agreed Settlement Order and Accord on March 21, 2007.

3. The plaintiff maintains that he is in a class of employees covered by the Agreed Settlement Order and Accord ("Accord). This Accord, resulted as a consequence of the original Shakman plaintiff's Application to Hold the City of Chicago and its Mayor in civil contempt for violations of the court orders issued in Shakman.

4. As part of their application, the Shakman plaintiffs sought an order from the court appointing a monitor to investigate prior violations of court orders issued in 1972 and 1983 Plaintiffs also sought court authorization for outside monitoring of future compliance of the Shakman orders. On August 2, 2005 the Honorable Wayne R. Anderson, United States

2

District Judge appointed Noelle C. Brennen of Brennan & Monte, Ltd. to ensure compliance with the Court's previous orders.

5. The March 21st 2007 Accord established a claims procedure for individuals alleging Shakman violations against the City of Chicago and allowing for monetary damages if the allegations were sustained. The claims procedure established that: If a city employee believed that he or she had been subjected to unlawful political discrimination in connection with hiring, promotion, overtime or any other aspect of employment with the City of Chicago *between January 1, 2000 and May 31, 2007* (the date of final approval of the Accord), that he or she may submit a completed Accord Claim Form to the Shakman Decree Monitor to be considered for possible money damages. The Shakman Decree Monitor and her staff reviewed all timely Accord Claim Forms to determine whether a claimant was entitled to a damage award.

6. Plaintiff exercised his right to opt-out of the claims procedure as the claims procedure could only provide monetary damages. Plaintiff claims he was subject to political discrimination before, during and after the January 1, 2000 and May 31, 2007 window as established in the Accord.

## RELATEDNESS

7. Here two of the four factors of "relatedness" under Local Rule 40.4 are met. First,

both cases involve not just *some* but substantially the same issues of fact. Norris maintains that he was subject to the very same political discrimination that the Shakman Decree and its subsequent orders have sought to stem. The Shakman case does not just point to isolated instances of political discrimination but squarely confronts the fact that there has been a historic pattern of political discrimination in relation to the conduct of the defendant, City of Chicago. Plaintiff maintains that the City of Chicago politically discriminated against him as it has historically done so against similarly situated for city employees, potential city employees and registered voters within the City of Chicago and Cook County. Therefore, facts specific to his case do not form the basis of dissimilarity or un-relatedness. The March 21, 2007 Agreed Settlement Order and Accord, specifically contemplated suits like the one plaintiff filed after he opted out of the claims procedure. Further and in reliance on the Accord, the plaintiff submitted to the Accord's rules and opted-out of the binding arbitration procedure. Plaintiff now seeks his case to be heard by the Judge who presided over and approved the Agreed Settlement Order and Accord.

Second, the applicable law to be applied in the Norris case is emerged as a result of the various contempt citations that Judge Anderson has heard and as a result of Judge Anderson's findings interpreting Shakman v. The Democratic Organization of Cook County Democratic, 435 F.2nd 267 (1983); and in the subsequent Shakman Decrees, including the language contained in the Agreed Settlement Order and Accord. Therefore, Norris v. City of Chicago grows directly out of the Agreed Settlement Order and Accord as that agreement contemplated class members opting-out and for their cases to be heard by

4

Judge Anderson.

8. The conditions for re-assignment under Local Rule 40.4(b) have also been met. Local 40.4(b) provides that a case may be re-assigned to the calendar of another judge if it is found to be related to an earlier numbered case assigned to that judge and each of the following factors are met:

(1) both cases are pending in this Court;

(2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort;

(3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and

(4) the cases are susceptible of disposition in a single proceeding.

9. All of the factors under Local Rule 40.4(b) are met here. Both cases are actions pending in the Northern District of Illinois. Further, the handling and management of the actions by the same judge is likely to result in substantial savings of judicial time and effort and will result in consistent rulings on common issues. As the original Shakman case (1969 C 2145) is still active and on Judge Anderson's docket, the re-assignment of the Norris case 07 CV 6776 may aid the Court in determining the City of Chicago's progress in implementing Shakman Orders and may aid in disposing of the original Shakman case as such both cases therefore are susceptible of disposition in a single proceeding.

WHEREFORE, for the foregoing reasons, the plaintiff Thomas Norris respectfully

5

requests that this court find that the above referenced Shakman actions are related to <u>Norris v. The City of Chicago</u>, pursuant to Local Rule 40.4 (a). The plaintiff also respectfully requests that this Court find that the conditions for re-assignment have been satisfied pursuant to Local Rule 40.4(b) and grant this motion for re-assignment based on relatedness pursuant to Local Rule 40.4(c).

                                                Respectfully submitted,

                                                Thomas Norris


                                                By  /s/ Martin Stack
                                                      Martin M. Stack

Martin M. Stack
100 West Monroe
Suite 1612
Chicago, IL 60603
312 372-5695