# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL L. SHAKMAN, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 69 C 2145 |
| | ) |
| CITY OF CHICAGO, et al., | ) Wayne R. Andersen |
| | ) District Judge |
| Defendants. | ) Magistrate Judge Sidney I. Schenkier |

## MEMORANDUM, OPINION AND ORDER

On March 5, 2009, the Shakman Decree Monitor filed a report with the Court setting forth a number of concerns about potential violations of the May 31, 2007 Agreed Settlement Order and Accord ("Accord") and the Hiring Plan for the City of Chicago approved by the Court on January 18, 2008 ("Hiring Plan"). The Court has reviewed the Monitor's report and the responses submitted by the City of Chicago and orders as follows:

1. The Monitor shall refer the concerns raised in her report to the Office of Compliance and the Inspector General which shall concurrently review and investigate on a coordinated basis each of the five hiring incidents described in the Monitor's Report. The Office of Compliance and the Inspector General shall each report in writing regarding their respective review and investigation by June 20, 2009 to the Mayor of the City of Chicago and provide copies to the Commissioner of the Department of Human Resources, the Court, the Monitor, the Corporation Counsel, and Plaintiffs' Counsel. The reports shall include any recommendations for policy, procedure and practice changes and remedies or sanctions. The Monitor may also, in her discretion, submit other matters to the Office of Compliance for similar reviews, investigations and actions from time to time.

2. The Executive Director of the Office of Compliance and the Commissioner of the Department of Human Resources shall each submit Progress Reports to the Mayor with copies to the Court, the Corporation Counsel, Plaintiffs' Counsel, and the Monitor on or before:

> June 1, 2009
> August 3, 2009
> October 5, 2009
> December 7, 2009.

3. Each Progress Report shall include a summary of the actions taken by the City toward achieving Substantial Compliance under the Accord and any actions taken in response to each specific matter as to which the Office of Compliance or the Department of Human Resources has made a recommendation. The Progress Reports shall also include recommendations for any additional authority needed to carry out their responsibilities under the Accord. These future reports will be cumulative, with the new information added to the prior reports to enable the Court and the parties to track the City's progress toward Substantial Compliance.

4. The Monitor shall within 30 days of the filing of each Progress Report file a report with the Court, with copies to the parties, providing her view of the actions of the City, the Office of Compliance and the Department of Human Resources in terms of achievement of Substantial Compliance Progress, along with her recommendations as to any areas needing further action for achieving Substantial Compliance, and any other matter she deems relevant relating to implementation of the Accord and the Hiring Plan and the achievement of Substantial Compliance. These future reports will be cumulative, with the new information added to the prior reports to enable the Court and the parties to track the City's progress toward Substantial Compliance.

5. By December 7, 2009, the Inspector General of the City of Chicago shall submit a report to the Court, the Monitor, the Mayor, the Corporation Counsel, and Plaintiffs' Counsel summarizing, as of the date of his report, his investigations of political discrimination in connection with any aspect of employment with the City, any recommendations for corrective or disciplinary action he has made, and his views with regard to the City's response to those recommendations.

6. Nothing in this Order shall limit or restrict the authority previously vested in the Monitor to investigate or act upon any matter. The Monitor should continue performing each function to be transferred to the Office of Compliance until that office advises her, and she concurs, that it is capable of assuming that function. The Monitor shall continue to have the same access to people and transactions that she has had throughout the duration of the case so that she can evaluate the accuracy of the reports of the Office of Compliance and the Department of Human Resources.

It is so ordered.

_____
Wayne R. Andersen
United States District Court

Dated: March 30, 2009 _____