# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| MICHAEL L. SHAKMAN, et al. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) No. 69 C 2145 |
| v. | ) |
| | ) Wayne R. Andersen |
| THE CITY OF CHICAGO, et al., | ) District Judge |
| | ) |
| Defendants. | ) |

## MEMORANDUM, OPINION AND ORDER

This case is before the Court on the carefully drafted motion of Movants, anonymous employees of the City of Chicago, to have documents filed under seal and removed from the public record. Movants also seek to prohibit the Inspector General, and any individual receiving a copy of the Inspector General's Reports, from making further public comment on the contents in his Reports. Plaintiffs filed a response in opposition to Movants' motion. The City of Chicago Inspector General also filed a response to Movants' motion in which he represents that he discussed the issue of the public filing of his Reports with the Corporation Counsel for the City, and she did not object to the Reports being filed publicly. In his response, the Inspector General also states that he will abide by whatever decision the Court reaches on this issue.

For the following reasons, the Movants' motion is denied.

## BACKGROUND

On March 5, 2009, the Monitor filed a Report relating to, what she described as, the City's apparent non-compliance with important provisions of the City's 2007 hiring plan ("Plan"). On March 30, 2009, we ordered the Inspector General to investigate the Monitor's allegations and report back to the Court. This action was authorized and proper pursuant to the

Court's retained jurisdiction under the Accord to investigate and enforce the City's compliance with the Accord. Accord ¶ I.D. Pursuant to our retained jurisdiction to enforce the Accord and the hiring plan, the Court's March 30, 2009 Order stated:

> 1. The Monitor shall refer the concerns raised in her report to the Office of Compliance and the Inspector General which shall concurrently review and investigate on a coordinated basis each of the five hiring incidents described in the Monitor's Report. The Office of Compliance and the Inspector General shall each report in writing regarding their respective review and investigation by June 20, 2009 to the Mayor of the City of Chicago and provide copies to the Commissioner of the Department of Human Resources, the Court, the Monitor, the Corporation Counsel, and Plaintiffs' Counsel.

There is no language in our March 30, 2009 Order which states that the Inspector General's investigation results would be confidential, contrary to Movants' suggestion. Indeed, the Order authorizes distribution of reports to a number of persons without any confidentiality limitations.

On June 26, 2009, after properly obtaining an extension of time, the Inspector General filed his initial Report. The Inspector General's Report dealt with alleged violations of the hiring plan and, thus, with alleged violations of the Accord. Now, Movants, who are not parties to this case, ask the Court to order the Inspector General to file all further Court ordered reports under seal. They seek to seal the Inspector General's June 26, 2009 Report and to limit disclosure of such reports, past and future, to the Court and parties authorized by the Chicago Municipal Code - which would not permit disclosure to the Court's Monitor or to the Plaintiffs or their counsel. Movants also seek to prohibit anyone receiving a copy "from making public comment on the contents, information, recommendations in the Report..." Motion at 7.

## **DISCUSSION**

### I. Movants' Motion Fails To Comply With Court Rules

At the outset, we note that Movants have not complied with the relevant rules for individuals who wish to participate in judicial proceedings in which they are not parties. Local

2

Rule 5.6 states that "no ... motion [except for a motion to intervene], or other document shall be filed in any case by any person who is not a party thereto, unless approved by the court. Absent such an order, the clerk shall not accept any document tendered by a person who is not a party." Movants' failure to comply with this Rule alone warrants denying the Motion.

Further, the Motion is remarkable in not naming the individuals on whose behalf it is filed. Individuals may not anonymously invoke the Court's powers to take action. Opponents are entitled to know with whom they are litigating, so that they can respond to arguments based on facts and law relevant to the individuals involved. Thus, the Motion is defective for failure to identify the parties on whose behalf it is filed and for failing to obtain prior Court approval.

II. <u>Movants Are Not Substantively Entitled To The Relief Sought</u>

Moreover, on a substantive basis, Movants cannot meet the heavy burden imposed by controlling case law on those who seek to close public access to court proceedings. In addition, this case presents the strongest possible level of public interest in upholding public access to information about court proceedings.

Movants contend that the Inspector General's Report violated the privacy interests of those employees specifically mentioned in the Report. However, the Inspector General's Report does not mention any employee by name. He does refer to a few of the higher-ranking officials by their job titles, but does not mention their names. Thus, we do not believe that the Report violated the privacy interests of any of the employees alluded to in the Report.

Movants' reliance on the confidentiality provisions of the Municipal Code is also misplaced because--as the City Council and Mayor have agreed–the Court retains jurisdiction to do what is necessary to investigate and enforce the City's compliance with its orders. The Inspector General's reports, past and future, directly involve monitoring and enforcing

compliance with the Court's orders.

Finally, controlling case law and public policy concerns dictate that Movants are not entitled to the extraordinary relief sought in their Motion. The Seventh Circuit recently reviewed the case law and principles that govern efforts to close the court room and filings to public access. In *United States vs. Foster,* 564 F.3d. 852 (7th Cir. 2009), the Court stated:

> Information that affects the disposition of litigation belongs in the public record unless a statute or privilege justifies nondisclosure. This court explained in *Baxter International, Inc. v. Abbott Laboratories,* 297 F.3d 544, 545-46 (7th Cir. 2002), that "[s]ecrecy is fine at the discovery stage, before the material enters the judicial record. See *Seattle Times Co. v. Rhinehart,* 467 U.S. 20 (1984). *But those documents ... that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona-fide long term confidentiality."* (Citations omitted) (Italics added.)

*Id.* at 853.

This case does not involve a discovery dispute, and no protective order has been entered. Moreover, there are no trade secrets or privileges at issue. Finally, there is no statute justifying or requiring nondisclosure since, as discussed above, the Court's remedial authority supersedes any application of the Municipal Code on which the Movants rely. We are simply not persuaded by the Movants' motion that any privacy right was violated by the Inspector General's Report.

This Motion is part of post-judgment enforcement proceedings after the City has agreed to settle the Plaintiffs' claims of violations of prior court orders by a comprehensive Accord and has acknowledged the Court's broad powers of review and enforcement. The Inspector General's Report clearly relates to an issue of central importance to the Court, the litigants and the public: Has the City of Chicago adopted procedures, rules and structures that provide reasonable assurance that the City's long history of illegal patronage employment practice has stopped and will not be repeated as soon as the Court is no longer watching?

Indeed, many of our comments at the hearing on March 20, 2009 focused on the fact that the City will likely move to terminate judicial oversight, and the Court will then need to determine whether the City has satisfied the conditions for termination set forth in the Accord. That is why the Court directed the Inspector General and the Office of Compliance to investigate and report on the Monitor's conclusions. It is difficult to imagine a case in which the public has a stronger interest in access to information about the performance of public officials and their employees.

## **CONCLUSION**

For the foregoing reasons, we deny the motion of Movants to have documents filed under seal.[# 1249].

It is so ordered.

_____
Wayne R. Andersen
United States District Court

Dated: September 1, 2009