# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL L. SHAKMAN and PAUL M. LURIE, et al. | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) No. 69 C 2145 |
| | ) |
| SHERIFF OF COOK COUNTY, et al., | ) Wayne R. Andersen<br>) District Judge |
| Defendants. | )<br>) |

## MEMORANDUM OPINION AND ORDER

This case is before the Court on Plaintiffs' Fee Petition with Respect to the Sheriff of Cook County for the period of July 1, 2009 through October 31, 2009 [1520]. For the following reasons, we grant in part and deny in part Plaintiffs' petition for attorneys' fees and costs. We conclude that Plaintiffs are entitled to an award of attorneys' fees in the amount of $67,170.40 and $354.38 as reimbursement for costs.

## BACKGROUND

This case is part of the on-going litigation against the Sheriff of Cook County ("Sheriff") and other governmental entities under the *Shakman* Consent Decrees. The litigation began in 1969 when Michael L. Shakman and Paul M. Lurie brought claims on behalf of themselves and classes of independent candidates, voters and taxpayers in Cook County against a number of defendants. In essence, the Complaint charged that local government agencies conditioned employment on the support of the Cook County Regular Democratic Organization in violation of the Plaintiffs' constitutional rights. Over the years, a number of different matters have arisen

regarding various Defendants' compliance with the Consent Decrees and resulting Compliance Plans. This case's enduring history encompasses many judicial opinions by the District Court and the Seventh Circuit which are too comprehensive and detailed to be recounted here.

The Sheriff entered into Consent Decrees in 1980 and 1984, which, among other things, prohibited the Sheriff from making hiring decisions or taking other actions affecting a person's employment on the basis of any political reason or factor. A Supplemental Relief Order for the Sheriff was entered on September 11, 2008, and an Amended Supplemental Relief Order ("SRO") was entered on May 21, 2009. Pursuant to the SRO, Plaintiffs have the responsibility to monitor the Sheriff's performance under the Consent Decrees, the SRO, and the new hiring plan. (SRO at 8.)

On October 2, 2009, Plaintiffs filed an unopposed motion for attorneys' fees with respect to the Sheriff, which resulted in the award of $98,831.21 in fees and $562.35 in costs.

## DISCUSSION

Plaintiffs' fee petition seeks to recover attorneys' fees and costs incurred for the legal work in the proceedings covering the period from July 1, 2009 through October 31, 2009. Plaintiffs seek to recover attorneys' fees incurred in "monitoring and implementing the [SRO], including, but not limited to, time spent negotiating the Sheriff's new employment plan, exempt list and senior manager hiring protocol, and time spent on prior fee petitions." (Pls.' Pet. at 1.) The total amount of attorneys' fees sought is $80,948.47, and reimbursement for costs in the amount of $354.38.

The Sheriff did not file a formal response opposing this petition. However, as outlined in Plaintiffs' Petition, and also discussed by the parties in open court on February 4, 2010, the

Sheriff objects to two categories of work: (1) time spent pursuing prior fee petitions and reviewing pre-bill invoices, and (2) time spent in interoffice conferences.

## I. Compensable Activities

"When a consent decree includes provisions providing for on-going monitoring by the plaintiffs, plaintiffs are entitled to recover their attorneys' fees incurred in performing their obligations under the consent decree." *Shakman v. City of Chicago*, 2008 WL 754124, at *2 (citing *Alliance to End Repression v. Chicago*, 356 F.3d 767, 772-73 (7th Cir. 2004)). Section III.C(2) of the SRO provides as follows:

> Plaintiffs shall monitor the Sheriff's performance under the Sheriff's Consent Decrees, the SRO, and the New Plan through counsel of their choice, may present matters to the Court in the 69 C 2145 case, including enforcement actions, and may petition the Court for County payment of costs and attorneys' fees incurred as part of their reasonable, appropriate, non-duplicative monitoring and enforcement.

### A. Activities Related to Fee Petition

The Sheriff's first objection relates to time spent pursuing prior fee petitions and reviewing pre-bill invoices.

As Plaintiffs point out, the Seventh Circuit has clearly stated that plaintiffs are entitled to recover fees and costs incurred pursuing fee petitions. *Bond v. Stanton*, 630 F.2d 1231, 1236 (7th Cir. 1980) ("[T]he broad congressional policy of enforcing civil rights through private litigation mandates that prevailing plaintiffs be awarded counsel fees for time spent establishing their entitlement to fees."). Therefore, Plaintiffs' counsel is entitled to compensation for time spent working on fee petitions.

Furthermore, the process of reviewing pre-bill invoices is inextricably linked to the activity of pursuing fee petitions. As explained in the Local Rules for the Northern District of Illinois, when a party is seeking attorney's fees, the party "shall provide the respondent with the

3

time and work records on which the motion will be based, and shall specify the hours for which compensation will and will not be sought," and "[t]hese records may be redacted to prevent disclosure of material protected by the attorney-client privilege or work product doctrine." Local Rule 54.3.

Plaintiffs are entitled to recover attorneys' fees for the time spent seeking such fees, which includes the time spent reviewing and preparing invoices for this purpose.

### B. Interoffice Conferences

The second objection raised by the Sheriff is for the time spent conducting "intraoffice conferences." As Plaintiffs indicate, there are three instances of intraoffice conferences in the time records submitted by Plaintiffs' counsel, all attributable to attorney R. Fross. These include 0.70 hours on July 9, 2009, 0.5 hours on September 1, 2009, and 0.30 hours on October 1, 2009, for a total of 1.5 hours (90 minutes) during the four-month period in question. It is appropriate for a senior partner, particularly one who has developed such significant expertise over many years of involvement in this litigation, to spend at least 30 minutes a month conferring with his co-counsel regarding the various complexities of this case. Plaintiffs' counsel is entitled to compensation for these 90 minutes of work.

## II. Amounts of Attorneys' Fees and Costs Compensable

Having determined that the activities set forth in Plaintiffs' fee petition are compensable activities under the SRO, we next consider the method and manner by which to calculate the amount of fees and costs to award. As explained in this Court's prior opinions on these matters, attorneys' fees typically are awarded based on the "Lodestar" amount calculated by "multiplying the number of hours an attorney reasonably expended on the litigation times a reasonable rate." *Mathur v. Bd. of Trustees of So. Ill. Univ.*, 317 F.3d 738, 742 (7th Cir. 2003). Once this amount

is calculated, the Court has discretion to increase or decrease it to account for twelve factors in the particular litigation. *Id.* These factors are: (1) the time and labor required; (2) the novelty and difficulty of the case; (3) the requisite skill to perform the legal services properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Spellan v. Bd. of Educ. of Dist. 111,* 59 F.3d 642, 645 (7th Cir. 1995); *but see Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983) (noting that many of the twelve factors are usually subsumed within the Lodestar calculation). Ultimately, the amount awarded should only be as large as necessary to attract competent counsel without producing a windfall to the attorneys. *See Pennsylvania v. Del. Valley Citizens' Council for Clean Air,* 483 U.S. 711, 731 (1987); *see also* S. Rep. No. 1011, 94th Cong., 2d Sess. 6 (1976).

### A. Hours

With respect to the quantity of hours, the Court reviewed the time records and supporting materials submitted by Plaintiffs' counsel, and determined that the quantity of hours listed for each activity is reasonable and credible, qualifying as "reasonable, appropriate, non-duplicative monitoring and enforcement." (SRO § III.C(2).) As stated on multiple occasions, the Court's observations throughout this case support the assertion that the case is primarily handled by a core team of lawyers who are deeply immersed in the cases and who have developed substantial institutional knowledge on the subject, which minimizes the time needed for lawyers to get up to speed on the complexities of this case. We reiterate that the quality of the work of Plaintiffs'

5

counsel, as observed by this Court during the past many years of litigation, has been exemplary, and Plaintiffs' counsel have adequately demonstrated to the Court that they made significant and successful efforts to manage this litigation in an efficient, cost-effective manner, and have avoided unnecessary duplication of efforts.

**B.     Rates**

With respect to the hourly rates supporting the petition, Plaintiffs outlined the rates applicable to each of their attorneys in Exhibit B to their Petition. While these rates represent the standard rates charged by each individual for regular billable work, the Court notes that this is a public service work. Moreover, the Sheriff's Compliance Administrator ("SCA"), who has a prominent role in monitoring the Sheriff's compliance, receives a rate of $250 per hour for his services. (SRO § I.C.)  The attorney for the compliance administrators receives $250 per hour as well. Accordingly, the Court determines that the following rates should apply:

- An hourly rate of $400 should apply to B. Hays, R. Fross, and M. Shakman, based on the significant expertise that these individuals have developed as well as the valuable contributions they have made and continue to make in this litigation.

- Hourly rates for the remaining individuals are capped at $250.

A revised fee calculation based on these adjusted rates is as follows:

| Last Name | Firm | Hours | Adjusted Rates | Total Fees |
|---|---|---|---|---|
| Hays | LLBL | 78.5 | $ 400.00 | $ 31,400.00 |
| Fross | LLBL | 34.6 | $ 400.00 | $ 13,840.00 |
| Palomo | LLBL | 25.2 | $ 250.00 | $ 6,300.00 |
| Harris | LLBL | 30.1 | $ 250.00 | $ 7,525.00 |
| Petrovic | LLBL | 23.8 | $ 245.29 | $ 5,837.90 |
| Shakman | MSB | 1.7 | $ 400.00 | $ 680.00 |
| Perlstadt | MSB | 1.1 | $ 250.00 | $ 275.00 |
| Johnson | N/A | 5.3 | $ 250.00 | $ 1,312.50 |
| | | **200.3** | | **$ 67,170.40** |

Accordingly, Plaintiffs are entitled to recover $67,170.40 in fees for the period of July 1 2009 through October 31, 2009.

**C.     Costs**

The Court further finds that reimbursement of costs in the amount of $354.38 is reasonable.  The Court finds that such costs were legitimately incurred by Plaintiffs' counsel during the course of this litigation and that Plaintiffs' counsel has submitted valid documentation sufficient to itemize the costs incurred.  Therefore, Plaintiffs' counsel shall be reimbursed for their reasonable costs and expenses incurred during this litigation in the amount of $354.38.

**CONCLUSION**

For the foregoing reasons, we grant in part and deny in part Plaintiffs' Fee Petition with Respect to the Sheriff of Cook County for the period of July 1, 2009 through October 31, 2009 [1520].  We award Plaintiffs attorneys' fees in the amount of $67,170.10 and costs in the amount of $354.38, for a combined total of $67,524.78.  Plaintiffs are not awarded separate pre-judgment interest on either sum, but interest will begin to run on the award on April 1, 2010 until the date of payment.

The attorneys' fees and expenses award shall be disbursed to Roger Fross, of Locke, Lord, Bissell & Liddell LLP for allocation among the various counsel to Plaintiffs that have participated in this litigation.

It is so ordered.

_____
Wayne R. Andersen
United States District Judge

Dated: February 5, 2010