IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL L. SHAKMAN and PAUL M. LURIE, et al. | ) ) ) | |
| Plaintiffs, | ) ) | No. 69 C 2145 |
| v. | ) ) ) | Wayne R. Andersen District Judge |
| THE CITY OF CHICAGO, et al., | ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This case is before the court on Plaintiffs' Motion to Alter or Amend Fee Opinions Awarding Plaintiffs' Fees with Respect to the City and the Sheriff [1559]. With respect to the City of Chicago (the "City"), the motion is granted in part and denied in part. With respect to the Sheriff of Cook County (the "Sheriff"), the motion is granted.

**BACKGROUND**

The general background of this case was set forth in the previous opinions that are the subject of the instant motion for reconsideration. As explained in those opinions (Dkt. Nos. 1528, 1532), the agreements entered into between Plaintiffs and each of the City and the Sheriff, Plaintiffs have the responsibility to conduct ongoing review of each defendant's performance under the relevant agreements, and Plaintiffs are entitled to petition the court for fees and costs related to that monitoring function. On February 4, 2010, the court awarded Plaintiffs' attorneys fees of $356,124.70 and costs of $14,710.38 with respect to the City, which was for the period of June 1, 2007 through July 31, 2008. On February 5, 2010, the court awarded Plaintiffs'

attorneys fees of $67,170.40 and costs of $354.38 with respect to the Sheriff, which was for the period of July 1, 2009 through October 31, 2009.

On March 3, 2010, Plaintiffs filed a motion requesting that the court alter or amend the aforementioned opinions relating to fee petitions, arguing that it was improper for the court to use reduced hourly rates to calculate the total fee award. (Dkt. No. 1559). On April 9, 2010, the City filed a memorandum opposing Plaintiffs' motion, and Plaintiffs replied on April 23, 2010. The Sheriff did not file a response to Plaintiffs' motion.

## DISCUSSION

We address each of the defendants separately, starting with the City, and then discussing the Sheriff.

### I. City

In the previous opinion relating to the City, the court applied an hourly rate of $400 for R. Fross and M. Shakman, and $350 for B. Hays and E. Feldman, based on their significant expertise and valuable contributions to the case. (Dkt. No. 1528 at 8). For the remaining attorneys, the court applied 2007 hourly rates, unless those rates exceeded $250, in which case the rates were reduced to $250 per hour.

One argument raised in Plaintiffs' motion to alter or amend that opinion highlights the fact that attorney R. Johnson is a contemporary of Messrs. Shakman and Fross, involved in this case since its inception, so the rate applied to Mr. Johnson should be commensurate with the rate applied to Messrs. Shakman and Fross. While the court agrees with this assessment, we note that Mr. Johnson did not bill any hours reflected in the fee petition related to the City, so there is no change to the overall total award based on the revised rate for Mr. Johnson.

The court amends the prior fee calculation with respect to attorney K. Harris. Ms. Harris has become substantially more active in the case, and the court notes the importance of developing more responsible lawyers capable of handling this complex litigation. Consequently, the court's previous calculation is adjusted to compensate Ms. Harris at the rates originally requested.

In summary, the revised award for attorneys' fees with respect to the City is calculated as follows:

- An hourly rate of $400 should apply to R. Fross and M. Shakman (and R. Johnson, if he had billed hours with respect to the City), and a rate of $350 should apply to B. Hays and E. Feldman, based on the significant expertise that these individuals have developed as well as the valuable contributions they have made and continue to make in this litigation.

- An hourly rate of $292 should apply to K. Harris for hours worked in 2007, and a rate of $318 should apply her hours worked in 2008.

- For the remaining attorneys, 2007 rates should be applied for all hours worked, unless those rates exceed $250, in which case the rates are reduced to $250, for the reasons set forth in the court's previous opinion.

A revised fee calculation based on these adjusted rates is as follows:

| Last Name | Firm | 2007 Hours | Hourly Rate | Total 2007 Fees | 2008 Hours | Hourly Rate | Total 2008 Fees | Total Fees |
|---|---|---|---|---|---|---|---|---|
| Hays | LLBL | 358.6 | $ 350 | $ 125,510.00 | 85.8 | $ 350 | $ 30,030.00 | $ 155,540.00 |
| Fross | LLBL | 94.8 | $ 400 | $ 37,920.00 | 146.3 | $ 400 | $ 58,520.00 | $ 96,440.00 |
| Berquam | LLBL | 10.5 | $ 236 | $ 2,478.00 | 34.1 | $ 236 | $ 8,047.60 | $ 10,525.60 |
| Shag | LLBL | 14.0 | $ 236 | $ 3,304.00 | 29.2 | $ 236 | $ 6,891.20 | $ 10,195.20 |
| Rojakovick | LLBL | 36.2 | $ 237 | $ 8,579.40 | 0.0 | $ 237 | $ - | $ 8,579.40 |
| Slade | LLBL | 0.0 | $ 227 | $ - | 51.8 | $ 227 | $ 11,758.60 | $ 11,758.60 |
| Harris | LLBL | 16.6 | $ 292 | $ 4,847.20 | 0.0 | $ 318 | $ - | $ 4,847.20 |
| Rhee | LLBL | 0.0 | $ 240 | $ - | 8.3 | $ 240 | $ 1,992.00 | $ 1,992.00 |
| Nash | LLBL | 3.9 | $ 239 | $ 932.10 | 0.0 | $ 239 | $ - | $ 932.10 |
| Petrovic | LLBL | 58.7 | $ 170 | $ 9,979.00 | 0.0 | $ 170 | $ - | $ 9,979.00 |
| Charania | LLBL | 6.0 | $ 140 | $ 840.00 | 0.0 | $ 140 | $ - | $ 840.00 |
| Donehoo | LLBL | 52.6 | $ 160 | $ 8,416.00 | 0.0 | $ 160 | $ - | $ 8,416.00 |
| Fowler | LLBL | 0.8 | $ 71 | $ 56.80 | 0.0 | $ 71 | $ - | $ 56.80 |
| Feldman | MSB | 11.3 | $ 350 | $ 3,955.00 | 4.8 | $ 350 | $ 1,680.00 | $ 5,635.00 |
| Vars | MSB | 21.6 | $ 250 | $ 5,400.00 | 13.1 | $ 250 | $ 3,275.00 | $ 8,675.00 |
| Cohen | MSB | 53.6 | $ 150 | $ 8,040.00 | 0.0 | $ 150 | $ - | $ 8,040.00 |
| Noroozi | MSB | 0.2 | $ 150 | $ 30.00 | 0.0 | $ 150 | $ - | $ 30.00 |
| Padilla | MSB | 0.2 | $ 150 | $ 30.00 | 5.3 | $ 150 | $ 795.00 | $ 825.00 |
| Shakman | MSB | 19.4 | $ 400 | $ 7,760.00 | 4.7 | $ 400 | $ 1,880.00 | $ 9,640.00 |
| Perlstadt | MSB | 8.3 | $ 250 | $ 2,075.00 | 7.2 | $ 250 | $ 1,800.00 | $ 3,875.00 |
| | | 767.3 | | $ 230,152.50 | 390.6 | | $ 126,669.40 | $ 356,821.90 |

Accordingly, Plaintiffs' attorneys are entitled to recover $356,821.90 in fees for the period of June 1, 2007 through July 31, 2008 with respect to the City, which is an increase of $697.20 from the previous opinion.

**II.     Sheriff**

The court originally applied the same rate reductions for fees related to the Sheriff as were applied with respect to fees related to the City.  However, the court now determines that, with respect to the fees related to the Sheriff, Plaintiffs' attorneys shall be awarded the full fee amount originally requested, calculated at each attorney's full hourly rate.  Efforts with respect to the Sheriff have been particularly intense, in an effort to reach substantial compliance under an extremely tight time table.  This portion of the case is unique, and has been progressing at a rapid pace.  Plaintiffs' attorneys have given this matter their highest priority.  Therefore, Plaintiffs' attorneys are entitled to recover $80,948.50 in fees for the work performed with respect to the Sheriff for the period July 1, 2009 through October 31, 2009.

**CONCLUSION**

For the foregoing reasons, the motion to alter or amend the fee opinions [1559] is granted in part and denied in part. With respect to the City, the fee award is revised in accordance with the adjustments described in this opinion, and the court awards Plaintiffs' attorneys $356,821.90 in fees and $14,710.38 in costs, for a total of $371,532.28. With respect to the Sheriff, the court awards Plaintiffs' attorneys the full amount of fees and costs originally requested, which is $80,948.50 and $354.38, respectively, for a total of $81,302.88.

Additionally, in order to minimize additional disputes regarding fees, the court suggests that Plaintiffs submit future fee petitions on a more regular basis (at least quarterly), and also that those petitions be shared with the relevant government entity prior to submission to the court.

It is so ordered.

_____
Wayne R. Andersen
United States District Judge

Dated: July 23, 2010