# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL L. SHAKMAN, *et. al.* ) | |
| ) | No. 69 C 2145 |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | Magistrate Judge Sidney I. Schenkier |
| DEMOCRATIC ORGANIZATION ) | |
| OF COOK COUNTY, *et. al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Noreen Lanahan ("Ms. Lanahan" or "Complainant"), an employee of the Cook County Health and Hospital System ("CCHHS"), moves for an order vacating an arbitration award that denied her claims of political discrimination and retaliation against Cook County (doc. # 4785: Mot. to Vacate). Pursuant to the Illinois Uniform Arbitration Act, 710 ILCS 5/1 *et. seq.* ("Arbitration Act"), Ms. Lanahan moves to vacate the arbitrator's decision on the ground that the arbitrator exceeded his powers by basing his decision on gross errors of law and fact (Mot. to Vacate Exh. 1: Mem. in Support of Mot. to Vacate at 15). For the following reasons, we deny Ms. Lanahan's motion.

### I.

The arbitration at issue has its genesis in Ms. Lanahan's claim that CCHHS violated a Supplemental Relief Order for Cook County (doc. # 587, "SRO") entered in the case of *Shakman, et. al. v. Democratic Organization of Cook County, et. al.*, 481 F.Supp. 1315, 1358 (N.D.Ill. 1979), *vacated sub nom., Shakman v. Dunne*, 829 F.2d 1387, 1398 (7th Cir. 1987), *cert. denied*, 484 U.S. 1065 (1988) ("Shakman Decree"). The Shakman Decree bars CCHHS from

"conditioning, basing or knowingly prejudicing or affecting any term or aspect of governmental employment, with respect to one who is at the time already a government employee, upon or because of any political reason or factor." *Shakman*, 481 F.Supp. at 1358.

In 2008, Ms. Lanahan held the position of Director of Financial Control IV, working for the Cook County Department of Public Health, a Grade 24 job that was non-exempt (that is, one in which CCHHS was prohibited from using political considerations in connection with Ms. Lanahan's terms and conditions of employment) (Pl. Mem. in Support of Mot. to Vacate at 3). The only other CCHHS employee with the same pay grade and title was Robert Vais, who worked for Stroger Hospital (*Id.* at 4). From 2008 to 2013, Ms. Lanahan's salary was approximately $101,000.00. Mr. Vais' salary was also $101,000.00 in 2008, but he was subsequently given two pay increases resulting in a salary of $138,300.00 (*Id.* at 5). Ms. Lanahan questioned the pay disparity but never received an adequate explanation (*Id.*).

Under the terms of the SRO, Ms. Lanahan filed a complaint about the pay disparity with the Office of the Independent Inspector General ("OIIG") (Mot. to Vacate Exh. 2). Ms. Lanahan contended that CCHHS violated the Shakman Decree by failing to give her the same pay increases it gave to another employee who held the same job title and pay grade as Ms. Lanahan, and that this differential was because of political considerations (Pl. Mem. in Support of Mot. to Vacate at 4). Ms. Lanahan additionally alleges that CCHHS retaliated against her for questioning the pay differential by adding her position to a list of jobs under CCHHS' amended severance policy, which indicated that employees with her job title could be terminated at will (Pl. Mem. in Support of Motion at 7).

In May 2015, the OIIG determined that Ms. Lanahan's complaint of political discrimination and retaliation was untimely in part and without merit in part (Mot. to Vacate Exh. 4). Specifically, the OIIG found that Ms. Lanahan's allegations regarding her pay disparity and the assignment of additional duties[1] were untimely because she brought her complaint to the OIIG more than 120 days after she discovered the issues and there was no basis to toll the statute of limitations. With respect to her complaint of retaliation, the OIIG explained that Ms. Lanahan had suffered no adverse action, because her position was not changed from "career" to "at-will," The amended severance policy that Ms. Lanahan said made her an at-will employee only applied to employees hired after June 30, 2010. As Ms. Lanahan was hired into the position in 2008, she retained career employee protection (*Id.* at 5-6).

Ms. Lanahan next elected to pursue arbitration of her claims instead of filing a lawsuit in federal court, as was her right pursuant to the SRO. Ms. Lanahan filed a notice of arbitration and on March 16, 2016 and June 1, 2016, Ms. Lanahan, represented by counsel, participated in an arbitration hearing, during which she had the opportunity to present witnesses and evidence. At the close of the hearing, Ms. Lanahan submitted a post-hearing brief, to which CCHHS responded.

In September 2016, the arbitrator issued his decision, finding that Ms. Lanahan had failed to make a *prima facie* case of unlawful political discrimination in violation of the Shakman Decree (Mot. to Vacate Exh. 3). The arbitrator first recognized that Ms. Lanahan's allegations implicated her First Amendment right to protection "against being removed from public employment for purely political reasons, with certain exceptions for policymaking positions and employees having a confidential relationship with a superior" (*Id.* at 4), *citing Zerante v.*

---

[1] Ms. Lanahan does not pursue her claim regarding the assignment of additional duties in her motion to vacate.

*DeLuca,* 555 F.3d 582, 584-85 (7th Cir. 2009).[2] Specifically, he noted that Ms. Lanahan testified that she did not consider herself politically active and did not share her political affiliation with others (Mot. to Vacate Exh. 3 at 7). Thus, the arbitrator found that it was Ms. Lanahan's lack of political affiliation or activity that was protected.

Next, the arbitrator explained that cases of political discrimination involve a shifting burden of proof under which the plaintiff must first make a *prima facie* case, which requires the presentation of evidence that a plaintiff's political affiliation – or lack thereof – was a motivating factor in the employment decision (*Id.* at 5).[3] If the plaintiff succeeds in making a *prima facie* case, the burden shifts to the defendant to present evidence that the defendant would have taken the same employment action even without the consideration of political factors (*Id.*) (*citing Mt. Healthy City Board of Education v. Doyle,* 429 U.S. 274, 287 (1977)).

The arbitrator held that Ms. Lanahan failed to make a *prima facie* case of political discrimination because she offered only speculation, rather than evidence, to show that politics were a motivating factor in the pay differential between her and Mr. Vais (Mot. to Vacate Exh. 3 at 9). The arbitrator explained that, assuming that Ms. Lanahan was correct that she was treated unfairly with respect to her salary, that she was subject to false promises about adjustments to her pay, and that another employee with the same job title and level was paid more than she was, this was insufficient to establish the necessary *prima facie* case (*Id.*). What was missing, explained the arbitrator, was "the linkage" between Ms. Lanahan's lack of political activity or affiliation and the pay differential, such that it could be said that political considerations were a

---

[2] The ALJ recognized that the *Zurante* analysis applied equally to cases involving adverse employment decisions apart from a termination, such as the disparate pay and retaliation Ms. Lanahan alleges.

[3] In full, a *prima facie* case of political discrimination requires a showing that: (1) the employee's speech was constitutionally protected, (2) the employee suffered a deprivation likely to deter free speech, and (3) the employee's speech caused the adverse action. *Gunville v. Walker,* 583 F.3d 979, 984 (7th Cir. 2009). The Seventh Circuit has explained that the third, causation prong requires a showing that the speech was a "motivating factor" in the employment decision. *Peele v. Burch,* 722 F.3d 956, 959 (7th Cir. 2013).

motivating factor in the decisions (*Id.* at 10). The mere fact that Ms. Lanahan was paid less than another employee with the same job title and pay grade was not enough to establish a *prima facie* case that the difference was politically motivated.

In a footnote, the arbitrator dispensed with Ms. Lanahan's claim of retaliation. He noted that CCHHS explained that, while Ms. Lanahan's job title and pay grade appeared on the amended Severance Policy, the change to at-will employment only applied to individuals with that job title and level who were hired after June 30, 2010. Because Ms. Lanahan assumed the Grade 24 Director of Financial Control IV position in 2008, she was not subject to the change in status and thus, her job "remains protected" (Mot. to Vacate, Exh. 3 at 11).

## II.

Under the Arbitration Act (as incorporated in the SRO), there are limited grounds upon which a federal court can vacate an arbitrator's decision. Specifically, a court "shall vacate an award" where:

- the award was procured by corruption, fraud or other undue means;

- there was evident partiality by an arbitrator appointed as a neutral or corruption in any one of the arbitrators or misconduct prejudicing the rights of any party;

- the arbitrators exceeded their powers;

- the arbitrators refused to postpone the hearing upon sufficient cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provision or Section 5, as to prejudice substantially the rights of a party, or

- there was no arbitration agreement and the issue was not adversely determined in proceedings under Section 2 and the party did not participate in the arbitration hearing without raising the objection, but the fact that the relief was such that it could not or would not be granted by the circuit court is not ground for vacating or refusing to confirm the award.

710 ILCS 5/12(a)(1)-(5); SRO pp. 24-25.

As both parties recognize, judicial review of an arbitration award is extremely limited. *Shakman v. Democratic Org.* No. 69 C 2145, 2010 WL 3938350 * 4 (N.D.Ill. October 5, 2010) (*Schenkier, J.*). Accordingly, Illinois courts will review arbitration awards so as to uphold their validity "wherever possible." *Salitz v. Kreiss,* 198 Ill.2d 1, 13 (Ill. 2001). "Because the parties to an arbitration did not bargain for a judicial determination, a reviewing court cannot set aside an arbitration award because of errors in judgment or mistakes of law or fact," unless they are gross errors apparent on the face of the award. *See Int'l Ass'n of Firefighters, Local No. 37 v. City of Springfield,* 883 N.E.2d 590, 592 (Ill.Ct.App. 2008). That is, "Illinois courts will not vacate an arbitration award for 'mere errors in judgment or mistakes of law;'" the errors must be significant and plainly apparent on the face of the award. *Bankers Life & Casualty Ins. Co. v. CBRE, Inc.,* 830 F.3d 729, 732 (7th Cir. 2016) *citing Garver v. Ferguson,* 389 N.E.2d 1181, 1183-84 (1979). Therefore, the party seeking to vacate has a substantial burden to prove that one of the above criteria apply. *Shakman v. Democratic Organization of Cook County,* No. 69 C 2145, 2014 WL 2536486 *4 (N.D. Ill. June 2, 2014) (*Schenkier, J.*).

Ms. Lanahan argues that she met this burden by showing the arbitrator exceeded his powers, as a result making "gross errors of law and fact that are apparent from the face of the award" (Mem. in Support of Mot. to Vacate at 15). Specifically, she argues: (1) the arbitrator failed to properly recognize that Ms. Lanahan had a protectable First Amendment interest despite her lack of political affiliation, (2) the arbitrator mistakenly identified Mr. Vais as being an exempt employee in a hypothetical he posed, (3) the arbitrator erred by failing to conclude that the size of the pay disparity between Ms. Lanahan and Mr. Vais alone was enough to demonstrate political motivation, (4) the arbitrator's citation to a case discussing a "disgruntled employee" showed gross factual error, and (5) the arbitrator erred by finding that Cook County

6

presented explanations for the reasoning behind employment decisions it made regarding Lanahan. We disagree that any of Ms. Lanahan's assignments of error demonstrate gross errors of law or fact sufficient to support vacating the award.

*First,* contrary to Ms. Lanahan's contention, the arbitrator did not fail to find that she had a protectable First Amendment right in her lack of political activity or affiliation. The arbitrator explained in his decision that, because Ms. Lanahan was a *Shakman* non-exempt employee, CCHHS could not make employment decisions about her for political reasons (Mot. to Vacate Exh. 3 at 4). During the post-hearing oral argument, the arbitrator engaged in a colloquy with Ms. Lanahan's attorney to confirm the nature of her First Amendment claim: namely, that it was her lack of political affiliation in contrast to Mr. Vais that allegedly caused the pay differential about which she complained. But, nowhere did the arbitrator conclude that a lack of political affiliation is not a protected right. His determination that Ms. Lanahan did not present any evidence to make a *prima facie* case that her rights were violated is not the same thing as a finding she did not have a protectable right at all.

*Second,* the arbitrator did not commit gross error by comparing different employment terms between a hypothetical *Shakman*-exempt employee and a hypothetical *Shakman*-covered employee, and explaining that such a difference, on its own, was not sufficient to demonstrate political motivation. Ms. Lanahan would have us believe that the arbitrator was mistakenly referring to Mr. Vais as *Shakman*-exempt, but there is no evidence that the arbitrator was doing anything more than emphasizing his conclusion that proof of political motivation for an employment decision requires more than mere difference in employment terms. Indeed, the arbitrator's analogy occurs in the section of the decision where he discusses Ms. Lanahan's contention that she was assigned additional work that politically affiliated employees refused to

7

do. This argument, which Ms. Lanahan does not discuss in the current motion, has nothing at all to do with her allegations about Mr. Vais' salary as compared to her own.

*Third,* the arbitrator did not err by finding that the size of the pay disparity between Mr. Vais and Ms. Lanahan, without more did not demonstrate a political motivation. Ms. Lanahan contends, without legal authority, that the mere showing that her salary was lower than another employee "was precisely the proof" that the disparity was caused by political reasons (Mem. in Support of Mot. at 20). Ms. Lanahan is mistaken. As the arbitrator explained, mere speculation that an adverse employment action is due to political considerations is not enough. There must be some evidence linking the employment decision to political affiliation (or lack thereof). *Hall v. Babb,* 389 F.3d 758, 762 (7th Cir. 2004). In this case, the arbitrator did not commit any gross error (or any error at all) in finding that Ms. Lanahan failed to prove a *prima facie* case that the pay disparity between her and Mr. Vais was due to political considerations. The "evidence" cited by Ms. Lanahan is nothing more than her supposition that politics must have been the motivation.

There is a similar lack of evidence with respect to Ms. Lanahan's retaliation claim. Indeed, despite uncontroverted evidence that Ms. Lanahan was not subject to at-will termination because she had been employed in her position since 2008, she perpetuates her argument that the inclusion of her job title on an amended severance policy demonstrates political animus. This is simply false. While it is true that an employee hired into a Grade 24, Director of Financial Control IV job after 2010 would be an at-will employee, Ms. Lanahan was in that position prior to 2010. She retains her merit protection, and thus cannot show that the arbitrator committed error by rejecting this claim.

*Fourth,* the arbitrator did not err by citing to a case that referred to a "disgruntled employee," despite finding that Ms. Lanahan herself was an exemplary employee. The arbitrator cited the case in question – *Nekolny v. Painter,* 653 F.2d 1164, 1168 (7th Cir. 1981) – for the more general proposition that a plaintiff cannot establish a *prima facie* case merely by showing that she is of a different political affiliation than the decision makers (Mot. to Vacate Exh. 3 at 11).

*Fifth,* the arbitrator's comment that Cook County provided reasons for its employment decisions, but he need not address them because of the lack of a *prima facie* case, is not an error, much less gross error. Ms. Lanahan argues that, because she showed that the arbitrator made gross errors of law and fact in finding she had failed to establish a *prima facie* case, it was also an error for him to fail to shift the burden to Cook County and analyze its reasons for the pay disparity. As we explain above, we find that the arbitrator did not err in finding that Ms. Lanahan failed to make a *prima facie* case, and thus, there was no requirement that he address Cook County's stated reasons for its employment decisions.

## CONCLUSION

For the above reasons, we deny Ms. Lanahan's motion to vacate the arbitration award (doc. # 4785).

**ENTER:**

SIDNEY I. SCHENKIER
United States Magistrate Judge

**DATE: March 9, 2017**