IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL L. SHAKMAN, *et. al.* ) | |
| ) | No. 69 C 2145 |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | Magistrate Judge Sidney I. Schenkier |
| DEMOCRATIC ORGANIZATION ) | |
| OF COOK COUNTY, *et. al.*, ) | |
| ) | |
| Defendants. ) | |

On March 9, 2017, we denied complainant Noreen Lanahan's ("Ms. Lanahan") motion to vacate an arbitration award (doc. #4785) that denied her claims of political discrimination and retaliation (doc. # 4929: Mem. Opinion and Order). But, even before we ruled on that motion, Ms. Lanahan filed a motion for a rule to show cause why the Independent Inspector General and his office ("OIIG"), and others who investigated her original political discrimination complaint prior to her pursuing arbitration, should not be held in contempt for acts that allegedly undermined the investigation (doc. # 4869). We struck that motion without prejudice in open court on February 8, 2017, ruling that Ms. Lanahan must first seek leave to intervene before pursuing any collateral relief (doc. # 4881). Ms. Lanahan subsequently filed a motion to intervene on April 4, 2017 (doc. # 4956), and then on April 18, 2017 filed an amended petition for miscellaneous relief specifying more precisely the relief she seeks (doc. # 4978). On May 10, 2017, plaintiffs filed a response to the motion to intervene (doc. # 5017), and on the same date, the OIIG, the Inspector General and defendant Cook County filed their own joint response (doc. # 5019). For the following reasons, we deny Ms. Lanahan's motion to intervene, and deny her petition for miscellaneous relief.

# I.

Ms. Lanahan is an unnamed class member who is covered by a Supplemental Relief Order for Cook County ("SRO") entered in the case of *Shakman v. Democratic Organization of Cook County*, 481 F.Supp. 1315, 1358 (N.D.Ill. 1979), *vacated sub nom., Shakman v. Dunne*, 829 F.2d 1387, 1398 (7th Cir. 1987), *cert. denied*, 484 U.S. 1065 (1988) ("*Shakman* Decree"). The *Shakman* Decree bars Ms. Lanahan's employer, Cook County Health and Hospital Systems ("CCHHS") from "conditioning, basing or knowingly prejudicing or affecting any term or aspect of governmental employment, with respect to one who is at the time already a government employee, upon or because of any political reason or factor." *Shakman*, 481 F.Supp. at 1358.

As we explained in our decision of March 9, 2017, Ms. Lanahan pursued her rights under the SRO by filing a complaint with the OIIG alleging she was subject to political discrimination and retaliation in violation of the *Shakman* Decree (Mem. Opinion and Order at 2). The bases for her political discrimination claim included that after CCHHS reorganized in 2008, Ms. Lanahan was paid less than employees who held a lower pay grade; that she was given additional duties that should have been undertaken by other, politically protected employees; and that she had discovered a disparity in pay between herself and a co-worker who held the same job title and grade (Mot. for Misc. Relief, Exh. 1).[1] Ms. Lanahan's SRO complaint also argued that she was the victim of unlawful retaliation for her earlier complaints of under compensation by having her job title placed on a list of employees who had lost merit protection and thus could be terminated at will (*Id.*).

In May 2015, the OIIG issued findings denying Ms. Lanahan's pay discrimination claim as untimely and her retaliation claim on the merits. Ms. Lanahan then exercised her right under

---

[1] Although Ms. Lanahan's OIIG complaint contained all three of these allegations of under compensation, her arguments to this Court asking us to overturn the arbitrator's award only discussed the pay disparity as it related to the employee who held the same pay grade.

the SRO to seek an arbitration of her claim. After an evidentiary hearing and post-hearing briefing, during which Ms. Lanahan was represented by counsel, in September 2016, the arbitrator found that Ms. Lanahan failed to show unlawful political discrimination with respect both to her pay claim (which the arbitrator addressed on the merits) and her retaliation claim. On November 10, 2016, Ms. Lanahan moved to vacate that award, and after full briefing the Court denied that request in the March 9, 2017 Memorandum Opinion and Order.

Beginning in December 2016, during the pendency of the motion to vacate the arbitration decision, Ms. Lanahan commenced actions in front of three different judges, attacking both the action of the County and/or those of the OIIG. On December 30, 2016, Ms. Lanahan filed the aforementioned motion for a rule to show cause (doc. # 4869). On February 8, 2017, we struck the motion without prejudice, so that Ms. Lanahan could seek leave to intervene – which she now has done – and which is the subject of the motion now before us.

In addition, also on December 30, 2016, Ms. Lanahan filed a second district court action (in front of a different judge) alleging gender discrimination and violation of the Equal Pay Act (16 C 11723). On August 4, 2017, she filed a third district court action (pending before a third judge) alleging violations of the *Shakman* Decree and the SRO (No. 17 C 5688).

Apparently, out of concern that her other cases could be impeded by previous findings this Court made (or didn't make) in denying the motion to vacate the arbitration decision, Ms. Lanahan now seeks to have us issue a declaratory ruling settling or finding as fact certain issues concerning the underlying OIIG investigation. Ms. Lanahan argues that the original OIIG investigation into her complaint was flawed because investigators withheld relevant evidence and otherwise did not use objective standards when investigating her claims (Mot. to Intervene at

3

3, 4).[2] Ms. Lanahan further contends that the OIIG inadequately assessed factors that would have shown her claims related to her alleged under compensation were timely and also failed to properly apply Seventh Circuit law as it relates to allegations of retaliation (*Id.*).[3] Ms. Lanahan seeks a ruling that the OIIG's investigation findings: (1) are unreliable with respect to the untimeliness of Ms. Lanahan's complaint; (2) exclude reference to payroll records obtained by the OIIG prior to its ruling, which records substantiate Ms. Lanahan's under compensation claim; and (3) misstate the controlling legal authority on retaliation (Mot. for Misc. Relief at 4-5).

## II.

Ms. Lanahan brings her motion pursuant to both Fed.R.Civ.P. 24(a) and (b). Fed.R.Civ.P. 24(a), Intervention as of Right, states in relevant part that:

> [u]pon timely application anyone shall be permitted to intervene in an action ... (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the application is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed.R.Civ.P. 24(b), Permissive Intervention, states that "[o]n a timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a

---

[2] According to Ms. Lanahan, the "inculpatory evidence" included the fact that the OIIG knew that the only other employee with the same pay grade and job title was paid $37,000.00 more than she was, and that the County could not find that employee's personnel records or any other information regarding his job duties or the reasons for his pay increases (Mot. to Intervene at 4). The "inculpatory evidence" in no way references political considerations, and indeed, Ms. Lanahan concedes that she cannot show evidence of political discrimination (Mot. for Misc. Relief at 3).

[3] The SRO requires a complainant to file a claim of political discrimination within 120 days of its occurrence or discovery. Ms. Lanahan filed her OIIG complaint on December 19, 2014, which meant that, absent a reason to toll the limitations period, she had to show discrimination occurring on August 21, 2014, or later. The OIIG held that Ms. Lanahan's pay claims were untimely, as they related to actions taken and complaints she made between 2008 and 2013 (Mot. to Intervene, Exh. 2). The OIIG report discussed the limitations period and concluded that the standards for tolling did not apply.

4

common question of law or fact." Granting permissive intervention is at the discretion of the district court. *Ligas ex rel. Foster v. Maram,* 478 F.3d 771, 775 (7th Cir. 2007).

As an initial matter, we deny Ms. Lanahan's motion for permissive intervention because she admits that she cannot show political discrimination. This means that her current claim – for gender discrimination – has no common issue of law or fact with the *Shakman* plaintiff: neither the *Shakman* Decree nor the SRO is directed at gender discrimination; they have as their mission the elimination of unlawful political discrimination. We also deny Ms. Lanahan's motion to intervene as a matter of right for two reasons.

*First,* Ms. Lanahan cannot establish that she has an interest relating to *this* action – the *Shakman* Decree and the SRO – that, as a practical matter, might be compromised without her participation in it. Ms. Lanahan seeks to have us make specific findings with respect to an OIIG investigation that was a prelude to the arbitration process but that was in no way binding upon the arbitrator, who conducted his own evidentiary hearing. Moreover, it was the arbitral decision, and not the OIIG investigation, that was the subject of Ms. Lanahan's motion to vacate that we denied in our March 9, 2017 opinion. In substance, Ms. Lanahan seeks to intervene in this case to protect interests she seeks to assert in separate lawsuits, by having the Court make findings about the OIIG investigation that she hopes will assist her in those lawsuits. We do not view that aim as triggering a right to intervention.

*Second*, to the extent that Ms. Lanahan might argue that she has an interest more broadly in the integrity of the OIIG investigative process, she still cannot intervene as of right because she has failed to show that the named plaintiffs are not up to the task of protecting those interests. Ms. Lanahan suggests that because plaintiffs are invoking the OIIG's findings in seeking a rule to show cause why certain governmental officials operating under a separate

5

*Shakman* supplemental relief order should not be held in contempt, plaintiffs do not wish the competence or integrity of the OIIG to be called into question, and thus might pull their punches in investigating whether the OIIG acted properly in investigating her claim (Mot. to Intervene at 7). This suggestion badly underestimates the class plaintiffs, who have pursued the *Shakman* litigation with great diligence, integrity and skill for nearly 50 years. Moreover, we note that the SRO not only authorizes the class plaintiffs to monitor actions under the SRO (a power that class plaintiffs have consistently utilized), but in addition has put into place a Compliance Administrator, who is an agent of the Court and who is vested with broad powers of monitoring and investigation. This robust structure makes it plain that the interest of Ms. Lanahan (and all class members under the County SRO) in a strong and effective OIIG investigative process will be adequately protected without her presence as an intervenor. *See also, Houlihan v. City of Chicago,* 2017 WL 3947661 at *8, --F.3d--, (7th Cir. September 8, 2017) (*Shakman* decree allows only the named plaintiffs to seek enforcement of City's hiring plan).

### III.

The class plaintiffs have filed a response to the motion asserting that Ms. Lanahan need not intervene at all for the Court to consider her request for relief. Class plaintiffs offer two reasons why this is so.

*First,* the class plaintiffs argue that Ms. Lanahan can enforce her rights under the SRO complaint process without the need to intervene (Pls.' Resp. at 4). While we agree with the general proposition, we disagree that the rights under the SRO apply to Ms. Lanahan's request.

As class plaintiffs note, the SRO allows a person who alleges unlawful political discrimination to file a complaint that the OIIG must investigate; after the investigation has been completed, to file a complaint and seek to resolve the complaint through settlement or

arbitration; and to appeal an arbitral award to this Court. Ms. Lanahan availed herself of these rights under the SRO, and plainly had the right to do so without intervening in the case as a named plaintiff. But now, Ms. Lanahan seeks to do something quite different and something not contemplated by the SRO. Dissatisfied with the outcome of the process she utilized, Ms. Lanahan seeks to come to the Court under the auspices of the *Shakman* Decree in order to alter certain OIIG findings that are not to her liking. With respect, we disagree with plaintiffs that requiring Ms. Lanahan to intervene would create a "perverse incentive" for defendants operating under SROs to drag out proceedings "with the knowledge that Post-SRO Complainants will have little recourse after the arbitration" (Pls'. Resp. at 6). In the more than seven years that this Court has overseen the SROs covering Cook County and numerous other governmental entities, we have not seen that kind of conduct occur. On the other hand, we can envision the "perverse incentives" that would be created by allowing persons who are dissatisfied with the outcome of the SRO complaint process they have elected to pursue to collaterally attack them in the way that Ms. Lanahan seeks to do here.

*Second,* class plaintiffs argue that Ms. Lanahan need not seek intervention because, in substance, her motion is one to reconsider and for relief from judgment under Federal Rule of Civil Procedure 60 (Pls.' Resp. at 3). We note that the original motion for leave to intervene filed on April 4, 2017 (several weeks after our March 9, 2017 decision denying the motion to vacate the arbitration ruling) did not mention Rule 60. However, the amended petition filed on April 18, 2017, cited Rule 60 as an alternative basis for seeking the relief sought, which Ms. Lanahan labeled as a "clarification" of the OIIG findings and of our confirmation of the arbitration decision (Pet. for Misc. Relief at 1). The amended petition says nothing more about Rule 60, including nothing about which subpart of that rule entitles Ms. Lanahan to the relief she

7

Undeveloped arguments are subject to being deemed waived. *Crespo v. Colvin,* 824 F.3d 667, 674 (7th Cir. 2016) (perfunctory and undeveloped arguments are waived).

We will not pursue that course here. We agree with the class plaintiffs that Ms. Lanahan does not need to intervene in the *Shakman* litigation to seek Rule 60 relief from a decision of this Court that rejected her challenge to the arbitration award. However, we conclude Ms. Lanahan is not entitled to the relief she seeks under Rule 60.

Two of Ms. Lanahan's requests for relief ask us to make findings about the OIIG investigative determinations: that the OIIG determination that her wage claim was untimely "lack[s] sufficient indicia of reliability," and that the OIIG excluded reference to payroll records she had obtained prior to the findings on the wage claim. This relief is unavailable under Rule 60 because the final judgment issued by the Court was on an appeal from the decision of the **arbitrator**, and not the investigative findings of the **OIIG**. This Court's opinion denying Ms. Lanahan's motion to vacate the arbitration award was based on the proceedings before the arbitrator and his decision, and not on the OIIG's investigation. Moreover, the OIIG's determination that Ms. Lanahan's wage claim was untimely was not a basis for the decision of the arbitrator that this Court confirmed. To the contrary, the arbitrator addressed the wage claim on the merits and concluded that Ms. Lanahan could not establish a *prima facie* case that her claim of under compensation was based on political considerations – and, even now, Ms. Lanahan concedes that she has no evidence to the contrary.

The only other relief Ms. Lanahan seeks is a finding that the OIIG's findings misstate the controlling legal authority on retaliation. Once again, Ms. Lanahan's request conflates the findings of the OIIG and the decision by the arbitrator after a full evidentiary hearing. We already have reviewed the arbitrator's decision on the retaliation claim. The arbitrator found that

the claimed act of retaliation, allegedly stripping her of merit protection and converting her to an at-will employee, did not occur because she never lost her merit protection. Ms. Lanahan's motion to vacate the award offered no basis to find error in that arbitral finding, and Ms. Lanahan's current petition (viewed as a Rule 60 motion) does not offer any explanation as to why our decision denying the motion to vacate should be revisited. Because there was no retaliatory adverse employment action, Ms. Lanahan cannot not prevail on a retaliation claim. *Boss v. Castro,* 816 F.3d 910, 916 (7th Cir. 2016).

In denying the rulings that Ms. Lanahan seeks regarding the OIIG findings, we wish to make clear that we express no view on those findings. The OIIG findings were not before us on the motion to vacate the arbitral award, and they are not properly before us at this time on Ms. Lanahan's Rule 60 motion. Nor do we express any view concerning the effect of the arbitration award, and this Court's denial of the motion to vacate it, on any of the claims Ms. Lanahan has brought in cases pending before other judges of this Court.

## CONCLUSION

For the foregoing reasons, we deny Ms. Lanahan's motion to intervene (doc. # 4956) and deny her petition for miscellaneous relief (doc. # 4978).

ENTER:

SIDNEY I. SCHENKIER
**United States Magistrate Judge**

**DATE: October 16, 2017**

9