IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL L. SHAKMAN, PAUL M. LURIE, KENNETH AYERS, ANN M. KING, INDEPENDENT VOTERS OF ILLINOIS-INDEPENDENT PRECINCT ORGANIZATION, MICHAEL SULLIVAN, DARRYN JONES, STUART MAJERCZYK, RICHARD GRAMAROSSA and CONNIE GRAMAROSSA, et al.<br><br>Plaintiffs,<br><br>v.<br><br>CLERK OF COOK COUNTY, et al.,<br><br>Defendants. | Case No. 69 C 2145<br><br>Sidney I. Schenkier<br>Magistrate Judge |

## **PLAINTIFFS' MOTION TO COMPEL RULE 30(b)(6) TESTIMONY**

Plaintiffs Michael L. Shakman, Paul M. Lurie, and the Independent Voters of Illinois – Independent Precinct Organizations ("Plaintiffs"), move pursuant to Fed. R. Civ. P. Rule 37(a) to compel non-party Citizens to Elect Karen Yarbrough ("CEKY") to designate and to produce an appropriate witness(es) to testify regarding the topics listed on Exhibit A to Plaintiffs' Subpoena (Ex. 1). CEKY's non-compliance has deprived Plaintiffs of information needed to prepare for the evidentiary hearing set to begin on March 3, 2020. Plaintiffs request that CEKY be directed to produce its 30(b)(6) witness at the offices of Plaintiffs' counsel on February 28, 2020 at 9:30 a.m.

## **BACKGROUND**

On September 6, 2019, the Plaintiffs filed a Motion for Supplemental Relief alleging that the Office of the Cook County Clerk ("Clerk's Office") follows a pattern and practice of making employment decisions based on political reasons or factors. The Plaintiffs alleged that the

1

Clerk's Office has violated the County Clerk Decrees in at least four ways: (1) by enacting a rotation policy designed to force certain employees with no political connections to quit, (2) by selectively imposing and enforcing oral modifications to written employment policies, (3) by placing political allies of Clerk Yarbrough in non-exempt positions, and (4) by coercing non-exempt employees to contribute time and money to Clerk Yarbrough's political campaign. (Dkt. No. 6486.)

At a hearing on September 11, 2019, the Plaintiffs requested discovery concerning the Clerk's Office's employment-related actions since Clerk Yarbrough took office in December 2018. (Ex. 2 [9/11/19 Hrg. Tr.] at 2.) Over the Clerk's Office's objections, the Court ordered discovery in advance of the evidentiary hearing. With respect to Plaintiffs' allegations of improper solicitations and hiring of political allies, the Court stated:

> Then I think with respect to the solicitation . . . you have to get into, well, what was the nature of the solicitation, was it coerced, were jobs awarded or not awarded or positions affected based on all that, and that's something that isn't, I think, subject to simply looking at arguments on paper.

(*Id*. at 6.)

On September 17, 2019, the Plaintiffs served a subpoena on CEKY seeking documents that would identify employees of the Clerk's Office who donated money or services to CEKY. (Ex. 3 [9/17/19 CEKY Subpoena].) CEKY responded to the document subpoena by moving to quash it in its entirety, primarily on the basis that the subpoena invades the privacy and associational rights of CEKY's donors. (Dkt. No. 6529.) At a hearing held on October 31, 2019, the Court rejected CEKY's arguments and ordered CEKY to produce responsive documents relating to employees of the Clerk's Office for the period January 1, 2017 through the present. (Ex. 4 [10/31/19 Hrg. Tr.] at 7-13, 16; *see also* Dkt. No. 6583.) The Court made clear that

CEKY was required to produce documents in its possession, custody or control and not just those documents that CEKY maintained in its own offices. (Ex. 4 at 16: "Everybody knows that custody and control are a little different than possession.").

On December 23, 2019, CEKY produced what it contended was the entire universe of responsive documents to the Plaintiffs Subpoena. CEKY produced eleven pages of documents: (a) ten pages of contact information for nine different Clerk's Office employees; and (b) one spreadsheet that listed the financial contributions of $150 or less made by Clerk's Office employees. That was it. CEKY did not produce any information about volunteer or fundraising activities of Clerk's Office employees.

On December 31, 2019, Plaintiffs' counsel wrote to CEKY's counsel:

> As you are aware, the Subpoena contained 14 different document requests. As far as we can tell, CEKY produced documents in response to the first and (perhaps) second requests and ignored the remainder of the subpoena. It is inconceivable to us that CEKY would not have any records of the individuals that:
>
> - engaged in fundraising activities (requests #3 and 6)
> - attended community events (request #4)
> - volunteered for Clerk Yarbrough's campaign (requests #5, 7 and 9)
> - circulated election petitions (request #8)
> - attended or sold tickets to various events (request #10)
> - were solicited to attend various events (request #11).

(Ex. 5 [12/31/19] email.) On January 6 and January 9, 2020, CEKY produced additional responsive documents, but continued to maintain that it simply did not have any information about most of the requests, including requests for documents relating to the volunteer or fundraising activities of Clerk's Office employees. (Ex. 6 [1/6/20 Transmittal Ltr.]; Ex. 7 [1/9/20 Transmittal Ltr.].)

3

On January 22, 2020, the Plaintiffs served a Rule 30(b)(6) deposition subpoena on CEKY to obtain testimony about the documents produced by CEKY and CEKY's fundraising and other political activities involving Clerk's Office employees. (Ex. 1.) The subpoena had a return date of February 5, 2020. On February 3, 2020, Plaintiffs' counsel was contacted by counsel for CEKY. Both counsel agreed that the CEKY deposition would not go forward on February 5, 2020.

Counsel for CEKY and the Plaintiffs conferred again by telephone on February 13, 2020. During that phone call, CEKY refused to schedule a date prior to the March 3, 2020 hearing for the Plaintiffs to conduct the deposition. More importantly, CEKY's counsel asserted that if Karen Yarbrough, CEKY's president, is the only witness with the requisite knowledge to testify on the enumerated topics for the deposition, CEKY will not produce Mrs. Yarbrough absent a court order.

## STANDARD OF REVIEW

Rule 26 provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . . Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). The "scope of discovery through a subpoena is the same as that applicable to . . . the other discovery rules." Fed. R. Civ. P. 45, 1970 Advisory Committee Note; *In re Subpoena Upon Nejame Law, P.A.*, No. 16-cv-4619, 2016 WL 3125055, at *2 (N.D. Ill. Jun. 3, 2016). "The burden rests upon the objecting party to show why a particular discovery request is improper." *Kodish v. Oakbrook Terrace Fire Prot. Dist.*, 235 F.R.D. 447, 450 (N.D. Ill. 2006).

District courts have broad discretion in deciding motions to compel. *James v. Hyatt*

*Regency Chicago*, 707 F.3d 776, 784 (7th Cir. 2013). A district court may grant or deny a motion to compel in whole or in part and "may fashion a ruling appropriate for the circumstances of the case." *Gile v. United Air Lines, Inc.*, 95 F.3d 492, 496 (7th Cir. 1996).

## ARGUMENT

### I. CEKY must designate and produce a Rule 30(b)(6) witness

As this Court already held at the December 10, 2019 hearing, the Plaintiffs are entitled to depose a designated Rule 30(b)(6) witness to speak on behalf of CEKY. Plaintiffs' subpoena describes relevant topics with particularity. With the exception of topic 9 (which the Plaintiffs have agreed to withdraw), all of the topics for CEKY's corporate designee are relevant and germane to the parties claims and defenses in this action, and should be permitted without any limitations.[1]

CEKY has produced documents promoting political fundraising and other campaign events. These documents were sent to the contacts maintained by CEKY, some of whom are Clerk's Office employees. Plaintiffs seek testimony from CEKY about the database of contacts—how it is developed and maintained, where CEKY obtains new contacts, how contacts are added to the system, and how CEKY selects contacts for its email campaigns.

Plaintiffs have requested similar information from the Clerk's Office. The Clerk's Office has taken the position that in their capacities as employees of the Clerk's Office, Clerk Yarbrough, Cedric Giles, Cynthia Soto, Edmund Michalowski, Jacqueline Thomas, Jamica Davis, John Mirkovic, Kevin McDermott, and Tim Curry have no knowledge of what work they performed on behalf of CEKY. (Ex. 8 at p.6: "9. Identify all Clerk Employees [] involved in campaign or Fundraising Activities for Karen Yarbrough and describe the nature of his or her

---

[1] The Plaintiffs have agreed to limit the time period for the deposition topics to January 1, 2017 to the present and to limit questions to Clerk's Office employees. This Court already has held that this time period is appropriate. (Dkt. No. 6583.)

5

involvement in such activities. ANSWER: … Defendant answers that it is not aware of such individuals.") The Clerk's Office also objected to producing documents reflecting campaign work and contributions because the documents and information were not in the Clerk's Office's possession or control. *Id.* at pp.16-19. The Clerk's Office directed Plaintiffs to seek that information from CEKY. Having refused to produce the information through the Clerk's Office, CEKY Treasurer Karen Yarbrough cannot object to producing this information through the political organization.

This Court should reject the gamesmanship being played by the CEKY, the Clerk's Office and individual Clerk's Office employees. It makes no difference whether a witness learned a fact while he was acting as a Clerk's Office employee, an agent of CEKY or as a private individual. Parties and witnesses must provide evidence and information about facts that they know, regardless of the role they were playing when they learned the fact. *See e.g. First Fin. Bank, N.A. v. Bauknecht*, Case No. 12–cv–1509. 2014 WL 949640 at * (C.D. Ill. Mar. 11, 2014) (corporate designee must answer questions that go beyond the scope of the noticed topics because "once a witness is produced pursuant to a 30(b)(6) notice of deposition, all relevant questions for that witness may be asked under the general rules of depositions. … This is the more practical rule, as both parties recognize that Plaintiff could depose these witnesses based on their factual knowledge relevant to the case. It makes little sense to require a formalistic division between the two depositions.)

CEKY produced campaign announcements and fundraising materials. *See e.g.* Ex. 9 (CEKY2019SUBPOENA-000076). This document was sent by CEKY by someone acting on its behalf as its agent. The document was sent to individuals in CEKY's database. Someone entered those contacts into the database on CEKY's behalf. Individuals were to RSVP to

6

citizensforkarenyarbrough@gmail.com. Someone had to process those RSVPs on CEKY's behalf. Donations were payable to CEKY for the benefit of CEKY. The solicitation was "PAID FOR BY CITIZENS FOR YARBROUGH." This solicitation was emailed to a number of Clerk's Office employees and was forwarded to at least one non-exempt employee. Plaintiffs are entitled to ask CEKY to designate a witness who can testify about a solicitation paid for by CEKY, sent by CEKY, to individuals in CEKY's database, who RSVP's to CEKY, to raise money for CEKY. CEKY must designate an individual to testify on its behalf, even if the individual was also acting as an agent for the Proviso Township Democratic Organization, an employee of the Clerk's Office, or a random passerby. *Great Amer. Ins. Co. of N.Y. v. Vegas Constr. Co.,* 251 F.R.D. 534, 541 (D. Nev. 2008) (finding the responding party obligated "to educate an appropriate Rule 30(b)(6) designee to provide knowledgeable answers reasonably available to the corporation, which include information ascertainable from project files and documents in the repository, information from past employees, witness testimony and exhibits, or any other sources available to the corporation, including factual information learned through or from its counsel."); *Calzaturficio S.C.A.R.P.A. s.p.a. v. Fabiano Shoe Co.*, 201 F.R.D. 33, 39 (D. Mass. 2001) ("Therefore, I find that the Fabiano sons, in preparing to be deposed as 30(b)(6) representatives of the company, had the obligation to review all documents that were in their control, including the tax returns and related documents that were in the physical possession of Fabiano's accountant.").

**II.     CEKY must designate and produce a Rule 30(b)(6) witness even if the witness is Mrs. Yarbrough.**

CEKY has two officers – Henderson Yarbrough, Chairman and Karen Yarbrough, Treasurer. (*See* Ex. 10.) CEKY claims that it has no other employees, members, volunteers or

7

agents. If Mrs. Yarbrough is the only individual with knowledge of CEKY's activities, then she will have to be deposed.

During the meet and confer process, CEKY stated that it intends to argue that if Mrs. Yarbrough is the only CEKY witness capable of testifying on the topics of Plaintiffs' deposition subpoena, the Plaintiffs are out luck because CEKY will not produce her for deposition. Although CEKY's counsel did not say so expressly, CEKY apparently will rely on the line of cases holding that the deposition of a high-ranking public official present unique concerns are not normally permitted. *See Olivieri v. Rodriguez*, 122 F.3d 406, 409-10 (7th Cir.1997); *Stagman v. Ryan*, 176 F.3d 986, 994-95 (7th Cir.1999). CEKY's arguments necessarily fail.

First, Plaintiffs have not subpoenaed a public official. They has subpoenaed a political organization with knowledge about facts that directly address Plaintiffs' claims in the Motion for Supplemental Relief. The organization has an obligation to produce a witnesses with knowledge.

Second, even if one accepts the argument that the Treasurer of CEKY who happens to be the Clerk is a public official when testifying on behalf of the CEKY, she must still testify. If a public official has discoverable information, the parties may not be deprived of that information simply because of the official's status. *See Clinton v. Jones*, 520 U.S. 681, 703-05 (1997) (citing cases in which the President of the United States was required to provide testimony); *Northwestern Univ. v. City of Evanston*, 2001 WL 743756 (N.D.Ill. June 29, 2001) (reversing magistrate judge's ruling precluding the plaintiff from deposing the mayor and city manager). A party seeking the deposition of a high-ranking official must demonstrate that the deposition will produce or lead to admissible evidence. *Olivieri*, 122 F.3d at 409-10. The Plaintiffs easily satisfy this requirement. The topics enumerated in Plaintiffs' deposition subpoena go to the heart of the Plaintiffs' allegations that some Clerk employees have received favorable treatment based

on unlawful political considerations. (Ex. 1.)

If Treasurer Yarbrough is the only person with knowledge to testify on the enumerated topics, that is even more reason to grant Plaintiffs' motion. Plaintiffs have no other recourse to obtain the information. *Hobley v. Burge*, No. 03 C 3678, 2007 WL 551569, at *2 (N.D. Ill. Feb. 22, 2007) (granting motion to compel deposition of Mayor Daley).

## LOCAL RULE 37.2 STATEMENT

As set forth above and as evidenced by the correspondence between counsel attached to this Motion, counsel for the Plaintiffs (Brian Hays and Ernesto Palomo) and counsel for the CEKY (Chloe Pederson and Janet Gilbert) consulted multiple times in an attempt to resolve their differences, but were unable to reach an accord. On February 13, 2020, counsel conferred to discuss the Plaintiffs' deposition subpoena. CEKY's counsel refused to set a date for the CEKY 30(b)(6) deposition and stated that CEKY will not produce Clerk Yarbrough without a court order. Plaintiffs bring this Motion promptly after determining that the parties could not amicably resolve these issues.

## CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully request that this Court grant this Motion and compel CEKY to designate and produce one or more Rule 30(b)(6) witnesses to testify on the topics enumerated in Exhibit A to Plaintiffs' subpoena (with the exception of topic 9, which has been withdrawn).

Dated: February 14, 2020

Respectfully submitted,

MICHAEL L. SHAKMAN, et al.,

By:  /s/ Brian I. Hays
     One of the Attorneys for Plaintiffs

Brian I. Hays
Ernesto R. Palomo
Locke Lord LLP

9

82449243v.2

111 South Wacker Drive
Chicago, Illinois 60606
(312) 443-0700

10

82449243v.2

## Certificate of Service

       I, Brian I. Hays, an attorney, state that on February 14, 2020, I caused a true and correct copy of the foregoing to be served via e-filing upon all parties of record and by first-class mail, postage prepaid upon:

| | | |
|---|---|---|
| To: | Adam R. Vaught<br>Hinshaw & Culbertson LLP<br>151 N. Franklin St., Suite 2500<br>Chicago, IL 60606 | Chloé G. Pedersen<br>Fletcher & Sippel LLC<br>29 N. Wacker Drive, Suite 800<br>Chicago, IL 60606-3208 |

                                                /s/ Brian I. Hays

82449243v.2