IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL L. SHAKMAN, et al., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 69 C 2145 |
| vs. | ) | |
| | ) | Hon. Sidney I. Schenkier |
| COOK COUNTY CLERK, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| **Non-Party Subpoena Recipient.** | ) | |

## AFFIDAVIT OF HENDERSON YARBROUGH, SR.

Henderson Yarbrough, Sr., having been first duly sworn, states as follows:

1. I am the Chairman of Citizens to Elect Karen Yarbrough ("CEKY" or the "Committee").

2. CEKY is a candidate political committee operating pursuant to the Illinois Campaign Disclosure Act ("Act"), PA 78-118 for over 20 years. It has two officers -- a Chairman and a Treasurer. It has no employees, members, or volunteers and it holds no meetings, rallies, fundraisers, or other events. CEKY records funds donated by individuals, corporations, political committees and others to the Committee and disburses funds for expenses to support its own costs and to assist the efforts of third party organizations or individuals who raise funds for donation to CEKY.

3. CEKY utilizes two databases: (1) the State of Illinois IDIS web-based finance software to record all donations and expenditures as required by the Act and to file all required finance reports and (2) Constant Contact, a paid software program that collects contact information.

4. The only records and reports maintained by CEKY are those required by the Act. CEKY does not maintain files of fundraisers, events or other activities sponsored by third parties on behalf of Karen Yarbrough nor does it maintain copies of Nominating Petitions circulated on the candidate's behalf. Those Petitions are filed as required by law and are publicly available.

5. On or about December 20, 2019, CEKY replied to a non-party subpoena to produce documents served upon it by attorney Ernesto Paloma, as limited by the court on October 31, 2019. CEKY's response was further supplemented on January 6 and 9, 2020.

**EXHIBIT 2**

6. Using the list provided by Mr. Palomo in Exhibit A to the subpoena for documents, and identified as Clerk Employees, CEKY conducted a diligent search of its files and records for materials responsive to the subpoena, as limited by the court's order, including but not limited to its IDIS and Constant Contact accounts, social media, bank records, and the phone and e-mail of CEKY officers. CEKY has no knowledge as to the accuracy of the list of names provided by Mr. Palomo, but is not aware of any other individuals who worked for the Clerk's Office.

7. Except for those items that were already in the public domain, all responsive materials in its possession, custody and control were provided. Specifically, CEKY has produced true and accurate copies of all documents evidencing individuals contributing to CEKY: (1) whose names match the names provided by Mr. Palomo to the subpoena for documents and identified as Clerk Employees, and (2) whose names (and related contributions) would not appear in the publicly available IDIS reports as the donations were below the reporting limit required by the Act. Those names and donations are, however, still entered into CEKY's IDIS system.

8. CEKY also disclosed has produced true and accurate copies of documents evidencing the names appearing in its system and the corresponding contact information for those names matching the list provided by Mr. Palomo with the subpoena for documents.

9. CEKY's production included when the corresponding contact information was added to its Constant Contact account, and whether the information was added by CEKY or by the individual at his or her own initiative. It is clear from the face of the materials produced that the contacts were added before Karen Yarbrough was elected to the position of Clerk, and in majority of instances well before her campaign for Clerk began. The produced information provides:
  a. Karen Yarbrough (added by CEKY on August 5, 2011),
  b. Cedric Giles (added by CEKY on March 22, 2008),
  c. Cynthia Soto (added by CEKY August 23, 2011 and July 27, 2013),
  d. Edmund Michalowski (added by CEKY on September 20, 2014),
  e. Jacqueline Thomas (added by CEKY on March 29, 2016),
  f. Jamica Davis (added by CEKY on May 7, 2018),
  g. John Mirkovic (added by contact, website sign-up on May 20, 2013)
  h. Kevin McDermott, (added by CEKY on April 16, 2008 and January 25, 2010), and
  i. Timothy Curry (added by CEKY on July 13, 2009).

10. CEKY's contacts have been made available to other organizations assisting CEKY. Through Constant Contact, individuals or entities can add themselves to CEKY's contacts and those contacted through CEKY's account can unsubscribe or update their information, as necessary.

11. I understand that Plaintiffs assert, in their underlying motion against the Cook County Clerk that they believe a non-exempt employee received a text message advertising a

**EXHIBIT 2**

fundraiser for the Clerk. As part of the due diligence search of CEKY records, a specific search was made for any such text message(s) and there are none.

12. On or about January 31, 2020, I received a subpoena to testify served by mail upon CEKY from attorney Brian Hayes demanding that CEKY produce an officer to testify on February 5, 2020 regarding 42 items contained in the Exhibit A attached to the subpoena.

13. I have reviewed Exhibit A to the subpoena to testify and the Matters for Deposition listed in it and, applying the prior limitations imposed by the court, limited to January 1, 2017 to present and to the Clerk's Office, can state generally that CEKY has no further documents or testimony responsive to either non-party subpoena.

14. With specific reference to the Matters for Deposition attached to the subpoena to testify, and as limited to January 1, 2017 to present and to the Clerk's Office, CEKY states as follows:

   a) As to Matter for Deposition No. 1: CEKY has no knowledge of "Plaintiffs' Motion for Supplemental Relief" beyond what it has read in the Motion for Supplemental Relief and the Responses and Replies thereto.

   b) As to Matter for Deposition No. 2: The documents provided by CEKY speak for themselves.

   c) As to Matters for Deposition Nos. 3, 4 and 5: CEKY has no knowledge of any such communications identified. CEKY further notes it has no members or volunteers.

   d) As to Matter for Deposition No. 6: CEKY has no knowledge of the referenced hiring and training practices. CEKY further notes it has no members or volunteers.

   e) As to Matter for Deposition No. 7: CEKY has provided documentation for all requested information regarding contributions that cannot be publicly accessed via the reports posted on the Illinois Board of Elections website.

   f) As to Matters for Deposition Nos. 8, 9 and 10: CEKY has no knowledge of the referenced hiring practices or policies and procedures.

   g) As to Matter for Deposition No. 11:

      o (a), and (b): CEKY records funds donated by individuals, corporations, political committees and others to the Committee and disburses funds for expenses to support its own costs and to assist the efforts of third party organizations or individuals who raise funds for donation to CEKY. Records regarding contributions and expenditures were already produced or are publicly available as posted on the Illinois Board of Elections website, and were not reproduced by agreement. CEKY has no testimony regarding fundraising activity or

**EXHIBIT 2**

       fundraising events beyond what is stated in the documents already provided and those publicly available.
- 11(c): the election petitions are publicly available, are confirmed to be in Plaintiffs' possession and speak for themselves. CEKY does not have copies.
- 11(d) through (g): CEKY does not engage in the listed activities and has no further records or information beyond what was already described.

h) As to Matters for Deposition Nos 12 and 13: CEKY has no knowledge of the referenced policies and procedures and does no such "tracking." CEKY uses the State of Illinois IDIS web-based finance software to record all donations and expenditures as required by the Act. CEKY records contributions by individuals, corporations, political committees and others to the Committee and disburses funds for expenses to support its own costs and to assist the efforts of third party organizations or individuals who raise funds for donation to CEKY. Records regarding contributions and expenditures were already produced or are publicly available as posted on the Illinois Board of Elections website, and were not reproduced by agreement.

i) As to Matter for Deposition No. 14: CEKY has no knowledge of communications requested beyond those already provided in response to the subpoena for documents.

j) As to Matter for Deposition No. 15: CEKY has no policies and procedures beyond allowing individuals and/or entities to add themselves to CEKY's contacts and if contacted through CEKY's account, can unsubscribe or update their information as they see fit.

k) As to Matter for Deposition No. 16: CEKY maintains its records in accordance with the record retention requirements of the Act and applicable laws. CEKY uses the State of Illinois IDIS web-based finance software to record all donations and expenditures as required by the Act. CEKY does not maintain records of activities done on its behalf by third-parties.

l) As to Matters for Deposition Nos. 17, 18 and 19: CEKY has no such policies.

m) As to Matter for Deposition No. 20: CEKY has no volunteers or members. Information regarding CEKY donors has been provided in response to the subpoena for documents or is publicly available on the Illinois Board of Elections website.

n) As to Matter for Deposition No. 21: Proviso Township Democratic Organization ("PTDO") is a volunteer organization that, among other things, provides volunteer, fundraising and other assistance to Democratic candidates for public office as approved by its officers and members, including Karen A. Yarbrough, the political candidate for which CEKY provides campaign fundraising collections, expenditures, and disclosures. The two CEKY officers are both members of PTDO. CEKY provides some financial support for the activities and events of PTDO that promote Karen A. Yarbrough's candidacies.

**EXHIBIT 2**

FURTHER AFFIANT SAYETH NOT.

_____
Henderson Yarbrough, Sr.

Subscribed and sworn to before me, a Notary Public, this 17th day of February, 2020.

_____
Commissioner of Oaths

(SEAL)

My Commission Expires:

9/7/2022

OFFICIAL SEAL
SHAPLENE L ESTELLE
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES 09/07/22

**EXHIBIT 2**