IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Michael L. Shakman, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>Clerk of Cook County, et al., )<br>)<br>Defendants. ) | Case No. 69-cv-2145<br><br>Magistrate Judge: Sidney I. Schenkier |

### **DEFENDANT'S MOTION FOR PROTECTIVE ORDER**

Defendant Clerk of Cook County ("Clerk"), by and through her attorneys, moves this court, pursuant to Federal Rule of Procedure 26, to enter a Protective Order quashing the subpoena issued to non-party Citizens to Elect Karen Yarbrough by Brian Hays of Locke Lord, LLP, counsel for plaintiffs dated January 22, 2020.

### Background

On January 22, 2020, plaintiffs' counsel issued a subpoena to Citizens to Elect Karen Yarbrough ("CEKY"), a non-party, directing CEKY to produce a 30(b)(6) witness to testify on February 5, 2020. The subpoena requested testimony on forty-two topics. On February 14, 2020, Plaintiffs filed a Motion to Compel a 30(b)(6) witness to testify on behalf of CEKY. (Dkt. 6726) On February 18, 2020, CEKY filed a Motion to Quash the subpoena. (Dkt. 3731)

### Argument

Rule 26 provides "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending -- or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken." Fed. R. Civ. P. 26(c)(1). Rule 26(c)(1) requires this Court to analyze whether good-cause exists to enter a protective order. Fed. R. Civ. P. 26(c)(1). This requires a case-specific balancing of all the facts and circumstances, taking

into account the importance of disclosure to the nonmovant and the potential harm to the party seeking the protective order. *Prince v. Kato*, 2019 U.S. Dist. LEXIS 126516, *7 (N.D. Ill. 2019).

**I.    Plaintiffs seek testimony from Clerk Yarbrough after this Court expressly stated that she would not be required to sit for deposition in this case.**

Plaintiffs' subpoena to non-party CEKY to produce a 30(b)(6) witness is a thinly veiled attempt to sidestep this Court's decision not to permit deposition of Clerk Yarbrough. The Court advised Plaintiffs' counsel in chambers that they would not be permitted to take the deposition of Clerk Yarbrough. Instead, the Clerk's Office would produce a witness to speak to the hiring practices of the office, as well as other policies and procedures of the Office. Now, Plaintiffs' subpoena to CEKY seeks testimony from a 30(b)(6) witness on:

> 8. Hiring practices at the Clerk's Office, including employee hiring, promotions, transfers, reassignments, or other employment actions from January 1, 2018 through the present and policies and procedures related thereto.
>
> 9. Hiring practices at the Recorder's Office in connection with the combination of the Clerk's Office and the Recorder's Office.
>
> 10. Policies and procedures related to political activity at the Clerk's Office, including communications related to the solicitation of political contributions from Clerk Employees.

See Ex. 1, CEKY Mot. at paragraphs 8-10

The Clerk is producing a Rule 30(b)(6) witness to provide testimony related to policies and procedures on behalf of the Clerk's Office. Despite this, Plaintiffs have issued the subpoena to CEKY requesting information that the Clerk's office would possess (and information regarding the Recorder's Office that neither the Clerk's Office nor CEKY would possess). The only reason Plaintiffs would issue such a subpoena is to ignore the distinction between official and individual capacities of Clerk Yarbrough by requiring her to testify on a number of topics unknown to CEKY as an organization. As a result, the subpoena is nothing more than an attempt by Plaintiffs to depose Clerk Yarbrough in violation of this Court's ruling in chambers that Clerk Yarbrough would not be deposed.

This Court should issue a protective order to prohibit Plaintiffs from using a subpoena to CEKY to contravene this Court's prior order.

## II.     Plaintiffs may not bring claims against Clerk Yarbrough in her individual capacity.

Plaintiffs' subpoena to CEKY seeking testimony from a 30(b)(6) witness again shows that Plaintiffs believe the Motion for Supplemental relief is directed against the Clerk in her individual, rather than her official capacity. Clerk Orr could not bind Clerk Yarbrough in her individual capacity. *Hernandez v. O'Malley*, 98 F.3d 293, 295 (7th Cir. 1996). As the Seventh Circuit has stated in *Hernandez*, "[w]e cannot fathom why a person suing to enforce the *Shakman* decree might want to pursue the officeholders in their personal capacities, except for purposes of harassment, which is hardly a reason the court should approve." *Id.* Plaintiffs must have a legitimate need for requested discovery, not simply idle curiosity or harassment. *Prevue Pet Prods. v. Avian Adventures*, 200 F.R.D. 413 (N.D. Ill. 2001). Plaintiffs' subpoena to CEKY again shows that Plaintiffs' are attempting to enforce the *Shakman* decree against Clerk Yarbrough in her individual capacity. As this is improper, this Court should issue a protective order quashing the subpoena issued to CEKY.

As the Clerk argued in her response to Plaintiffs' Motion for Supplemental Relief, Plaintiffs' lack standing to bring their Motion, and the Motion presents a non-justiciable question. (Dkt. 6585, p. 2) Instead, Plaintiffs' attempt to bring claims against the Clerk in her individual capacity. Plaintiffs' subpoena to CEKY is another example of this improper attempt by Plaintiffs.

## Conclusion

WHEREFORE, Defendant Clerk of Cook County, respectfully requests this Court enter a Protective Order quashing the subpoena dated January 22, 2020 directing CEKY to produce a 30(b)(6) witness.

              Respectfully submitted,

              HINSHAW & CULBERTSON LLP


              /s/ Adam R. Vaught
              Adam R. Vaught


Adam R. Vaught
Lari A. Dierks
Hinshaw & Culbertson LLP
151 North Franklin Street
Suite 2500
Chicago, IL 60606
Telephone: 312-704-3000
Facsimile: 312-704-3001
avaught@hinshawlaw.com
ldierks@hinshawlaw.com