IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MICHAEL L. SHAKMAN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 69 C 2145 |
| | ) | |
| v. | ) | |
| | ) | |
| COOK COUNTY CLERK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' RESPONSE TO THE CLERK'S OFFICE'S
MOTION FOR PROTECTIVE ORDER**

Plaintiffs Michael L. Shakman *et al.* ("Plaintiffs"), by their counsel, submit this Response to Defendant Clerk of Cook County's ("Clerk's Office") Motion for Protective Order (Docket No. 6734) ("Motion"). The Clerk's Office accuses Plaintiffs of trying to get around the Court's decision to post-pone a determination of whether Clerk Yarbrough's deposition was necessary by issuing a subpoena to non-party CEKY ("Subpoena"). That simply is not accurate. The Subpoena is directed to "Citizens to Elect Karen Yarbrough"—not Karen Yarbrough herself. At the December 10, 2019 hearing in chambers when the Court put-off allowing Clerk Yarbrough's deposition, Plaintiffs discussed the need to serve a Rule 30(b)(6) deposition on CEKY. The Court granted Plaintiffs' request for a Rule 30(b)(6) deposition from CEKY. CEKY is free to designate any witness it wants to testify regarding the matters described in the Subpoena.

The Court should deny the Clerk's Office's Motion and order CEKY to produce a witness(es) before March 6, 2020.

**INTRODUCTION**

The pertinent facts and procedural history associated with Plaintiffs' 30(b)(6) deposition subpoena to CEKY (the "Subpoena") have been extensively chronicled in the Plaintiffs' Motion

to Compel Rule 30(b)(6) Testimony (Docket No. 6726) ("Plaintiffs Motion to Compel"). For the sake of brevity, the Plaintiffs incorporate by reference as if fully set forth herein the Background section (pages 1 through 4) contained in Plaintiffs' Motion to Compel.

The Clerk's Office argues that entire Subpoena should be quashed because: (1) Deposition Topics 8, 9, and 10 are more proper subjects for the Clerk's Office's 30(b)(6) witness; and (2) the Plaintiffs improperly have brought claims against Karen Yarbrough in her individual capacity. The Clerk's Office's arguments lack merit and the Motion should be denied.

## ARGUMENT

Rule 26 provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The "scope of discovery through a subpoena is the same as that applicable to . . . the other discovery rules." Fed. R. Civ. P. 45, 1970 Advisory Committee Note; *Nejame*, 2016 WL 3125055, at *2. "The burden rests upon the objecting party to show why a particular discovery request is improper." *Kodish v. Oakbrook Terrace Fire Prot. Dist.*, 235 F.R.D. 447, 450 (N.D. Ill. 2006).

### I. The Subpoena does not require testimony from Clerk Yarbrough.

The Clerk's Office seeks to quash the entire Subpoena on the basis that Deposition Topics 8, 9, and 10 are improper topics for CEKY's 30(b)(6) witness(es). (Motion at 2.)[1] The Clerk's Office argues that testimony on these topics will be provided by the Clerk's Office's 30(b)(6) witness and, therefore, testimony from CEKY is not necessary. (*Id*.) The Clerk's Office misunderstands the focus of these topics. Plaintiffs are not seeking testimony from CEKY to establish the Clerk's Office hiring policies. Plaintiffs seek to uncover what CEKY

---

[1] The Plaintiffs have withdrawn Deposition Topic No. 9, which seeks information about Cook County Recorder of Deeds employees.

knew about those practices and how to influence hiring decisions. The Clerk's Office has admitted that it filled a number of positions without posting the position to the public or going through a competitive process. Plaintiffs would like to explore whether CEKY knew about these non-public job openings, and if CEKY did anything to promote these openings to volunteers or contributors.

Plaintiffs also seek testimony concerning solicitations of Clerk's Office employees to contribute money or services to CEKY. The Subpoena does not require Clerk Yarbrough to appear and provide testimony. However, if Mrs. Yarbrough is the only individual with knowledge of CEKY's activities in this regard, then she will have to (i) prepare another witness to testify regarding her knowledge or (ii) testify herself. If a public official has discoverable information, the Plaintiffs may not be deprived of that information simply because Mrs. Yarbrough is a public official. *See Clinton v. Jones*, 520 U.S. 681, 703-05 (1997) (citing cases in which the President of the United States was required to provide testimony).

Finally, even if the Court concludes that Deposition Topics 8 and 10 are improper subjects for CEKY's 30(b)(6) witness, it does not follow that the Court should quash the *entire* Subpoena. Discovery is not an "all or nothing" proposition. The Court, which already concluded that the Plaintiffs are entitled to depose a CEKY 30(b)(6) witness, can limit the Subpoena as the Court deems necessary under the circumstances. *Gile v. United Air Lines, Inc.*, 95 F.3d 492, 496 (7th Cir. 1996) (noting that a district court may grant or deny a discovery motion in whole or in part and "may fashion a ruling appropriate for the circumstances of the case.").

### III. Plaintiffs do not bring claims against Clerk Yarbrough in her individual capacity.

The Clerk's Office asserts, without any explication, that "Plaintiffs believe the Motion for Supplemental Relief is directed against the Clerk in her individual, rather than her official capacity." (Motion at 3.) This is incorrect. Plaintiffs' Motion for Supplemental Relief requests:

A. An order rescinding the Clerk's unlawful rotation policy for supervisors in the Clerk's Bureau of Vital Records;

B. An order prohibiting the Clerk from filling any position as an exempt position when that position is not on the list of exempt positions approved by the Court in 1991;

C. An order prohibiting the Clerk from soliciting political donations from non-exempt Clerk employees;

D. The appointment of a Clerk compliance administrator ("CCA") to investigate and recommend appropriate reforms in the Clerk's employment practices for non-exempt positions and to monitor the Clerk's hiring and other employment practices to assure compliance with prior Court orders;

E. Implementation of reporting and disclosure procedures to prevent future violations of prior Court orders;

F. Development, with input from the CCA and Plaintiffs' Counsel, of a hiring, promotion, reassignment and employment plan for non-exempt positions;

G. Development, with input from the CCA and Plaintiffs' Counsel, of a new List of Exempt Positions; and

H. For such further relief as the Court deems appropriate to ensure future compliance with prior Court orders by the Clerk and its responsible personnel.

(Dkt. No. 6486 at 1-2.) This relief is plainly directed to the Clerk's Office and not Karen Yarbrough in her individual capacity. For the avoidance of any doubt, the Plaintiffs once again confirm that the Plaintiffs seek relief against the Clerk in her official capacity, and not in her individual capacity.

4

82513065v.1

## CONCLUSION

For all of the foregoing reasons, the Clerk's Office's Motion should be denied and CEKY should be ordered to produce a witness prior to March 6, 2020.

Dated:  February 24, 2020

Respectfully submitted,

Michael L. Shakman, et al.


By:   /s/ Brian I. Hays
         One of Their Attorneys

         Brian I. Hays
         Ernesto R. Palomo
         Locke Lord LLP
         111 S. Wacker Drive
         Chicago, Illinois  60606
         (312) 443-1707

**CERTIFICATE OF SERVICE**

I, Brian I. Hays, an attorney, hereby certify that on the 24th day of February, 2020, I caused a true and correct copy of the foregoing PLAINTIFFS' RESPONSE TO THE CLERK'S OFFICE'S MOTION FOR PROTECTIVE ORDER to be filed via the ECF System for the United States District Court for the Northern District of Illinois, which sent notice of such filing upon all ECF-registered participants.

/s/ Brian I. Hays

82513065v.1