# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHAEL L. SHAKMAN and PAUL  )
M. LURIE et al.,              )
                             )
            Plaintiffs,       )
                             )
        vs.                   )           No.  69 C 2145
                             )
THE DEMOCRATIC ORGANIZATION   )
OF COOK COUNTY, etc., ... the )
REPUBLICAN COUNTY CENTRAL COM-)
MITTEE OF COOK COUNTY et al., )
                             )
            Defendants.       )

JUDGMENT

        Plaintiffs Michael L. Shakman and Paul M. Lurie having
filed their complaint herein, and said plaintiffs (on behalf
of themselves and the classes they represent under the First
Amended Complaint herein as determined by previous Orders of
Court) and the defendants named in paragraph C hereof having
consented to the entry of this Judgment as to such parties
without trial and without adjudication of any allegation in
the complaint or any issue of fact with respect to the alleged
commission by said defendants of any unconstitutional, unlawful
or wrongful act, and without this Judgment constituting evidence
of or an admission by any defendant with respect to any issue
of fact herein or the commission of any unconstitutional, un-
lawful or wrongful act;

        Now, therefore, upon the consent of the parties as afore-
said, it is hereby Ordered, Adjudged and Decreed as follows:

        A.    This Court has jurisdiction of the parties to this
Judgment and of the subject matter of this action under Sections
1331 and 1343(3) of Title 28 of the United States Code.

        B.    As used herein, (1) the term "governmental employ-
ment" means any employment (whether full-time or part-time,

permanent or temporary, and regardless of whether the employment is paid for by federal funds) by or for the City of Chicago or any employment within the Northern District of Illinois by or for any other governmental entity other than an entity of the federal government; (2) the terms "governmental employee" and "employee" mean a person employed in governmental employment.


      C.    The provisions of this Judgment apply to each and all of the following: (1) defendant The Democratic Organization Of Cook County, a corporation; (2) defendant Democratic County Central Committee of Cook County and all members thereof; (3) defendant City of Chicago, a municipal corporation; (4) defendant Richard J. Daley, individually and as President of The Democratic Organization Of Cook County, Chairman of the Democratic County Central Committee of Cook County, Mayor of the City of Chicago and Democratic Party Ward Committeeman for the Eleventh Ward of the City of Chicago; (5) defendant Matthew Bieszczat, individually and as Secretary of The Democratic Organization Of Cook County, Secretary of the Democratic County Central Committee of Cook County, member of the Board of County Commissioners of Cook County and Democratic Party Ward Committeeman for the Twenty-Sixth Ward of the City of Chicago; (6) defendant Marshall Korshak, individually and as Democratic Party Ward Committeeman for the Fifth Ward of the City of Chicago; (7) defendant George W. Dunne, individually and as President of the Board of County Commissioners of Cook County and as Democratic Party Ward Committeeman for the Forty-Second Ward of the City of Chicago; (8) defendant P. J. Cullerton, individually and as County Assessor of Cook County and as Democratic Party Ward Committeeman for the Thirty-Eighth Ward of the City of Chicago; (9) defendant Edward J. Barrett, individually and as County Clerk of Cook County and as former Democratic Party Ward Committeeman for the Forty-Fourth Ward of the City of Chicago; (10) defendant Matthew J. Danaher, individually and as Clerk of the Circuit Court of Cook County; (11) defendant Richard B. Ogilvie, individually and as Governor of the State of Illinois; (12) defendant Edmund J. Kucharski, individually and as Chairman of the Republican County Central Committee of Cook County; (13) defendant William J. Scott, individually and as Attorney General of the State of Illinois; (14) defendant John W. Lewis, individually and as acting Secretary of State of Illinois; (15) defendant Paul Simon, individually and as Lieutenant Governor of the State of Illinois; (16) defendant Alan Dixon, individually and as Treasurer of the State of Illinois; (17) defendant Michael Bakalis, individually and as Superintendent of Public Instruction of the State of Illinois; (18) defendant Metropolitan Sanitary District of Greater Chicago, a municipal corporation; (19) defendant John E. Egan, individually and as President of the Metropolitan Sanitary District of Greater Chicago; (20) defendant Joseph C. Doring,

-2-

individually and as Sheriff of Kane County, Illinois; (21)
defendant William A. Vollrath, individually and as County
Clerk of Kane County, Illinois; (22) defendant Jack M.
Weidner, individually and as Coroner of Kane County, Illinois;
(23) defendant James H. Fitzgerald, individually and as
Treasurer of Kane County, Illinois; (24) defendant Jan E.
Carlson, individually and as Clerk of the Illinois Circuit
Court for the Sixteenth Judicial Circuit, Kane County,
Illinois; (25) defendant James A. Callahan, individually and
as Sheriff of LaSalle County, Illinois; (26) defendant George
L. Hunter, individually as as County Clerk of LaSalle County,
Illinois; (27) defendant Ray Rathbun, individually and as
Treasurer of LaSalle County, Illinois; (28) defendant Republican
State Central Committee of Illinois and all members thereof; (29)
defendant Victor L. Smith, individually and as Chairman of the
Republican State Central Committee of Illinois; (30) defendant
William F. Scannell, individually and as Secretary of the Re-
publican State Central Committee of Illinois; (31) defendant
Timothy Sheehan, individually and as Republican Committeeman
for the Forty-First Ward of the City of Chicago; (32) defendant
Joseph Woods, individually and as a Commissioner of Cook County;
(33) defendant Floyd Fulle, individually, as a Commissioner of
Cook County and as Republican Committeeman for Maine Township;
(34) defendant Charles J. Grupp, individually, as a Commissioner
of Cook County and as Republican Committeeman for Bloom Township;
(35) defendant William N. Erickson, individually, as a Commissione
of Cook County and as Republican Committeeman for Evanston Town-
ship; (36) defendant Eugene Leonard, individually, as Bremen
Township Assessor and as Republican Committeeman for Bremen Town-
ship; (37) defendant William E. Kane, individually, as Orland
Township Assessor and as Republican Committeeman for Orland
Township; (38) defendant John J. Nimrod, individually, as
Niles Township Supervisor and as Republican Committeeman for
Niles Township; (39) defendant Bernard Pederson, individually,
as Palatine Township Assessor and Republican Committeeman
for Palatine Township; (40) defendant John F. Kimbark, in-
dividually, as Clerk of both the Town of Cicero and Cicero
Township and as Republican Committeeman for Cicero Township;
(41) defendant Elmer N. Conti, individually, as President of
the Village of Elmwood Park and as Republican Committeeman for
Leyden Township; (42) defendant Frank A. Bella, individually,
as Calumet Township Collector and as Republican Committeeman
for Calumet Township; (43) the successors of each of the fore-
going defendants in each of their aforesaid capacities; and to.
(44) the present and future officers, members, agents, servants,
employees and attorneys of each of the defendants and others
named or referred to hereinabove, and all others in active con-
cert or participation with any of the defendants or others
named or referred to in (1) through (44) above who receive
actual notice of this Judgment by personal service or other-
wise.

-3-

D.   It is declared that compulsory or coerced politi-
cal financial contributions by any governmental employee,
contractor or supplier, to any individual or organization
and all compulsory or coerced political activity by any
governmental employee are prohibited, and, once hired, a
governmental employee is free from all compulsory political
requirements in connection with his employment.  However,
governmental employees may engage on a voluntary basis, on
their own time, in any lawful political activity (including
the making of political financial contributions).

E.   Each and all of the defendants and others named
or referred to in paragraph C above are permanently enjoined
from directly or indirectly, in whole or in part:

(1)  conditioning, basing or knowingly prejudicing
or affecting any term or aspect of governmental employment,
with respect to one who is at the time already a governmental
employee, upon or because of any political reason or factor.

(2)  knowingly causing or permitting any employee
to do any partisan political work during the regular working
hours of his or her governmental employment, or during time
paid for by public funds; provided that nothing contained in
this subparagraph (2) shall prohibit governmental employees
from voluntarily using vacation time, personal leave time or
from taking nonpaid leaves of absence to do political work,
but permission to do so must be granted nondiscriminatorily.

(3)  knowingly inducing, aiding, abetting, partici-
pating in, cooperating with or encouraging the commission of
any act which is proscribed by this paragraph E, or threatening
to commit any such act.

F.   Each defendant named or referred to in paragraph C
above shall give notice of this Judgment, in the manner directed
by this Court, to the employees under said defendant's juris-
diction.

G.   This Judgment represents the agreed-to disposition
of the claims asserted in this case by plaintiffs Michael L.
Shakman and Paul M. Lurie, on behalf of themselves and the
classes referred to above, against the defendants named in
paragraph C above.  Plaintiffs' claims for money damages,
compensatory and exemplary, against the defendants named in
paragraph C above are hereby dismissed.

-4-

H.  Jurisdiction is retained for the following purposes:

(1)  To enable the parties to this Judgment to continue to litigate the following questions before this Court:

(a)  Certain governmental employment positions under the jurisdiction of the defendants who are parties to this Judgment by their nature involve policy-making to such a degree or are so confidential in nature as to require that discharge from such positions be exempt from inquiry under this Judgment.  Jurisdiction is maintained to litigate the question of which governmental employment positions under such defendants' jursidiction are so exempt for the foregoing reasons.

(b)  Can political sponsorship or other political considerations be taken into account in hiring employees? If so, to what extent can such considerations be taken into account?

(c)  What remedies and implementing procedures ought to be granted and established by the Court in connection with the resolution of the questions raised in the foregoing subparagraphs (a) and (b)?

(2)  To enable the parties to this Judgment to apply to this Court at any time for such further orders and directions as may be necessary or appropriate for the construction or carrying out of this Judgment, for the enforcement of compliance with the provisions contained herein, and for the punishment of the violation of any of such provisions.  Application to enforce such provisions or to impose punishment for any such violation may be presented to this Court by any registered voter.  Prior written notice of all such applications and other matters in this action shall be given to the named parties hereto.  Except where emergency relief is sought, 7 days written notice shall be given.

I.  The Court expressly finds and determines, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay and directs that this Judgment be entered forthwith.

ENTER:

*88 Abraham / Marovitz*
District Judge

Dated: ___5/5/72___, 1972.

-5-