UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL L. SHAKMAN, et al., | ) | Case No.: No. 69 C 2145 |
| Plaintiff, | ) ) | Judge: Edmund E. Chang |
| vs. | ) ) | Magistrate: Gabriel A. Fuentes |
| COOK COUNTY CLERK, et al., | ) ) | |
| Defendant. | ) ) | |

## JOINT STATEMENT PURSUANT TO LOCAL RULE 54.3

Pursuant to Local Rule 54.3(e), plaintiffs Michael L. Shakman, Paul M. Lurie, and the Independent Voters of Illinois-Independent Precinct Organization and defendant Cook County Clerk submit the following Joint Statement with respect to Plaintiffs' petition for attorneys' fees and related nontaxable expenses:

1. Plaintiffs claim attorney fees from April 1, 2021 through the present in the amount of $313,194.60 and related nontaxable expenses in the amount of $2,512.12. Plaintiffs calculate this claim as follows:

| Timekeeper | Title | Rate | Hours | Totals |
|---|---|---|---|---|
| Brian Hays | 2021 Partner | $638 | 142.3 | $ 90,787.40 |
| | 2022 | $686 | 169.3 | $ 116,139.80 |
| | 2023 | $698 | 18.0 | $ 12,564.00 |
| Ernesto Palomo | Partner | $628 | 13.1 | $ 8,226.80 |
| | 2022 | $686 | 34.9 | $ 23,941.40 |
| | 2023 | $698 | 0.1 | $ 69.80 |
| Irina Dashevsky | 2021 Partner | $510 | 56.4 | $ 28,820.00 |
| Marie Hayashi | 2022 Associate | $450 | 3.0 | $ 1,350.00 |
| Abigail Van Hook | 2022 Associate | $421 | 19.5 | $ 8,209.50 |
| Brian Zagrocki | 2021 Associate | $397 | 7.6 | $ 3,017.20 |
| John Walsh | Research Assist. | $300 | 0.3 | $ 90.00 |
| | | | | |
| Edward Feldman | 2021 Partner | $625 | 0.8 | $ 862.50 |
| | 2022 | $650 | 6.2 | $ 4,030.00 |

| Timekeeper | Title | Rate | Hours | Totals |
|---|---|---|---|---|
| | 2023 | $675 | 0.8 | $ 540.00 |
| Michael Shakman | Partner | $750 | 20.6 | $ 15,450.00 |
| Mary Eileen Wells | 2022 Partner | $450 | 1.8 | $ 810.00 |
| | 2023 | $500 | 0.9 | $ 450.00 |
| **Total:** | | | **495.6** | **$ 315,358.40** |

| Non-Taxable Expense | Amount |
|---|---|
| Locke Lord Westlaw Research | $2,512.12 |
| Telephone charge for status hearing | $ 5.28 |
| PACER pulling older pleadings | $ 6.00 |

2. Plaintiffs reserve the right to recover additional fees, as Plaintiffs incurs them, in connection with pursuing relief under Local Rule 54.3.

3. The Clerk opposes Plaintiffs' claim of attorneys' fees and costs and will file a written response per the schedule set by the Court.

4. Plaintiffs delivered to opposing counsel all attorney invoices which reflect the above time entries for which Plaintiffs seek to recover attorneys' fees. The Clerk responded to Plaintiffs. *See* Plaintiffs' Petition for Fees and Costs with Respect to the Cook County Clerk, Exhibits C, D, E, filed concurrently with this joint statement. The Clerk objects to any award of fees or costs because Plaintiffs are not entitled to recover fees and costs for monitoring compliance with the 1972 and 1991 Decrees or the order appointing the Compliance Administrator and Plaintiffs lack standing to enforce the 1972 and 1991 Decrees. The Clerk also objects because Plaintiffs did not obtain an order pursuant to Local Rule 54.3 that entitles them to attorneys' fees, they were not a prevailing party, and their rates and time are excessive.

5. The specific disputes remaining between the parties are the following:

      a.      Whether Plaintiffs are entitled to fees and costs for monitoring compliance with the Decrees and bringing the Motion for Supplemental Relief?

      b.      Whether Plaintiffs are entitled to recover nontaxable expenses?

      c.      Whether Plaintiffs' rates and time entries are excessive?

6.     Plaintiffs' position is the motion for fees is based on the 1972 Decree, the 1991 Decree, the order appointing the Compliance Administrator, the orders extending the Compliance Administrator's appointment, and the order granting the Joint Rule 60(b)(5) Motion to Vacate. The Clerk's position is that none of those orders entitles Plaintiffs to the fees and costs sought.

Dated: August 31, 2023

| Fee Petitioners – Plaintiffs | Fee Respondent – Defendant |
|---|---|
| MICHAEL L. SHAKMAN, PAUL M. LURIE, IVI-IPO | COOK COUNTY CLERK. |
| By: /s/ Brian I. Hays<br>One of Its Attorneys | By: /s/ Adam R. Vaught<br>One of Their Attorneys |
| Brian I. Hays<br>Ernesto R. Palomo<br>LOCKE LORD LLP<br>111 South Wacker Drive<br>Chicago, IL 60606<br>(312) 443-1707<br>bhays@lockelord.com<br>epalomo@lockelord.com<br><br>*Attorneys for Plaintiffs* | Adam R. Vaught<br>Kilbride & Vaught LLC<br>82 S. LaGrange Rd, Suite 208<br>LaGrange, IL 60525<br>(217) 720-1961<br>avaught@kilbridevaught.com<br><br>Stephanie Stewart<br>Robinson, Stewart, Montgomery & Doppke LLC<br>33 North Dearborn Street, Ste. 1420<br>Chicago, IL 60602<br>(312) 782-5102<br>sstewart@rsmdlaw.com<br><br>*Attorneys for Defendant* |

3

**Certificate of Service**

    I, Brian I. Hays, an attorney, state that on August 31, 2023, I caused a true and correct copy of the foregoing to be served via e-filing upon all parties of record.

                                                  /s/Brian I. Hays